J-S26008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK GRILLI, | |
| Appellant | No. 3695 EDA 2017 |

Appeal from the Judgment of Sentence Entered October 16, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-MD-001051-2016

BEFORE:  BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 12, 2018**

Appellant, Mark Grilli, appeals from the judgment of sentence of three to six months' incarceration, imposed after he was convicted of indirect criminal contempt (ICC) based on evidence that he violated a temporary Protection From Abuse (PFA) order entered against him pursuant to the Protection From Abuse Act, 23 Pa.C.S. §§ 6101-6122.  After careful review, we vacate Appellant's judgment of sentence and remand for a new trial.

The trial court summarized the procedural history of this case, as follows:

> On October 16, 2017, [Appellant] … and [Appellant's] counsel, Donald L. Vittorelli, Esquire, despite proper notice being given by the court, failed to appear before the undersigned for a hearing on [Appellant's] one (1) count of [ICC] related to [Appellant's] violation of [a] Montgomery County Temporary

---

[*] Former Justice specially assigned to the Superior Court.

[PFA] order indexed in 2016-06060[.][1][] Additionally, on October 16, 2017, [Appellant] was scheduled to appear before the undersigned for a [PFA] hearing in order for the court to determine whether a final [PFA] order should be granted against [Appellant[.][2][]

[1] On March 30, 2016, the Honorable Arthur J. Tilson entered a temporary [PFA] order against [Appellant]. [Appellant's] ex-girlfriend brought the [PFA] petition. On April 3, 2016, subsequent to the entry of the [PFA] order against [Appellant], [Appellant] was involved in the assault of [his] ex-girlfriend and another adult individual (See Docket # CR-148-16). [Appellant] was charged with [s]imple [a]ssault (M2), [r]ecklessly endangering another person (M2), and [h]arassment (S). On July 21, 2017, [Appellant] appeared before the Honorable Thomas C. Branca and pleaded guilty to three (3) counts of harassment and two (2) counts of disorderly conduct arising out of the April 3, 2016 incident.

[2] Following a hearing on October 16, 2017[,] where the Plaintiff[, Appellant's ex-girlfriend,] testified immediately following [Appellant's] hearing on [the ICC] charge[], wherein [Appellant] and his counsel failed to appear despite proper notice, the court issued a final [PFA] order against [Appellant]. The final [PFA] order is effective from October 16, 2017 until October 15, 2020.

Despite proper notice by the court to [Appellant] and [Appellant's] counsel regarding the October 16, 2017 hearings, neither [Appellant] nor his counsel appeared at the hearing. Therefore, after trial where [Appellant] and his counsel failed to appear, the court found [Appellant] guilty of [ICC] on Docket[]# MD 1051-2016. … The court sentenced [Appellant] to undergo imprisonment for not less than three (3) months nor more than six (6) months in the Montgomery County Correctional Facility. The sentence was to run concurrent to all previously imposed sentences. [Appellant] was ordered to comply with any special conditions of parole imposed by the Montgomery County Adult Probation/Parole Department. [Appellant] was ordered to pay the monthly offender supervision fee. Finally, the court ordered [Appellant] to continue to abide by the Montgomery County [PFA] order docketed at 2016-06060.

…

On October 17, 2017, [c]ounsel for [Appellant] filed two Motions for Reconsideration of Sentence[.]3[] In [Appellant's] Motions to Reconsider Sentence, [Attorney] Vittorelli stated, as justification for his absence as well as justification for [Appellant's] absence from the October 16, 2017 hearing, that a new employee at [Attorney] Vittorelli's law office had mistakenly informed [Attorney] Vittorelli and [Appellant] that the court had granted [Appellant's] October 13, 2017 continuance request of the October 16, 2017 hearing. In his Motions to Reconsider Sentence, [Attorney] Vittorelli requested that the court vacate the [ICC] sentence imposed on [Appellant] on October 16, 2017[,] and relist the matter for a new hearing.

3 [Appellant] filed two (2) Motions for Reconsideration on October 17, 2017. However, both Motions for Reconsideration are nearly identical in their averments and requests. In one, [Appellant] stated that he "has a viable defense to the charge of ICC" and he "has an eyewitness who was not present due to counsel's error." In the other, [Appellant] stated he "had already pled guilty to six summary grade counts of [d]isorderly [c]onduct and [h]arassment and was sentenced to 18 months of probation by … [Judge] Branca for the same conduct in the Criminal Division of this court and that [he] has "mental health issues."

On October 1[8], 2017[,] the court ordered [the Commonwealth] … to file a written answer/response to [Appellant's] October 17, 2017 Motions for Reconsideration of Sentence within five (5) days.

On October 23, 2017, … the Commonwealth's Answer to Defendant's Motion to Reconsider Sentence [was filed]. In [that] answer, [the Commonwealth] stated that [it] did not have any objection to the court['s] granting [Appellant's] October 17, 2017 Motion to Reconsider Sentence. However, [the Commonwealth] stated in the "New Matter" portion of [its] answer that the Commonwealth's primary reason for not objecting to the reconsideration was not due to [Appellant's] absence, but was due to the absence of [d]efense counsel at the October 16, 2017 hearing.

Trial Court Opinion (TCO), 1/18/18, at 1-4 (one footnote omitted).

On November 3, 2017, the trial court denied Appellant's motions for reconsideration of his sentence. Appellant filed a timely notice of appeal.[1] He also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, although the certified record does not show that Appellant was ordered to file a concise statement by the trial court. On January 18, 2018, the trial court issued a Rule 1925(a) opinion. Herein, Appellant presents one question for our review: "Having information that [] [A]ppellant was not aware that his trial was not continued, did the [t]rial [c]ourt err in not granting a continuance and also err in proceeding to trial and sentencing in [Appellant's] absence[?]" Appellant's Brief at 3.

Appellant avers that his right to be present at all court proceedings was violated when the trial court allowed him to be tried, convicted, and sentenced in his, and his attorney's, absence. In support, Appellant relies primarily on Pa.R.Crim.P. 602(A) and **Commonwealth v. Doleno**, 594 A.2d 341 (Pa. Super. 1991). Rule 602(A) states:

> (A) The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence **without cause** at the time scheduled for the start of trial or during trial shall not preclude

---

[1] As the trial court points out, Appellant's notice of appeal was improperly filed from the November 3, 2017 order denying his motions for reconsideration of his sentence. In a criminal case, an appeal properly lies from the judgment of sentence, which is made final by the denial of post-sentence motions. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*) (citing **Commonwealth v. Chamberlain**, 658 A.2d 395, 397 (Pa. Super. 1995). Thus, we have corrected the caption in this case accordingly. **See Dreves, supra**.

> proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A) (emphasis added). This Court has clarified that the Commonwealth bears the burden of proving, by a preponderance of the evidence, that a defendant is absent without cause. *See Commonwealth v. Kelly*, 78 A.3d 1136, 1143 (Pa. Super. 2013).

In **Doleno**, the defendant failed to appear at his trial *de novo*, conducted after he appealed from his conviction by a District Justice of certain vehicular violations. Pursuant to Pa.R.Crim.P. 1117(a), the predecessor of Rule 602(A), the trial was conducted in Doleno's absence, and he was ultimately convicted and sentenced to pay a fine and the costs of prosecution. Doleno filed a timely motion for a new trial, arguing "that his failure to appear for trial had been caused by an inadvertent error of his lawyer, who had improperly recorded the trial date." *Id.* at 342. Despite conducting a hearing at which Doleno's lawyer attested that his mistake had caused Doleno's absence, the trial court denied Doleno's request for a new trial.

On appeal, we initially held that because Doleno had failed to appear at trial "without giving prior excuse or notice," the trial court did not err by conducting the trial in his absence. *Id.* at 343. Nevertheless, we concluded that "the fact that he was tried *in absentia* did not preclude [Doleno] from attempting to demonstrate post-trial that a valid reason existed for his failure to appear." *Id.* Viewing the burden of proof as resting with Doleno, as Rule 1117(a) required, we held that he had "established successfully that his absence from trial was not 'without cause[,]'" as "[h]is failure to appear at

trial resulted from an error by counsel" and "was not a voluntary act, but one that was unintentionally caused by counsel's error." *Id.* at 344. We reasoned that, "[u]nder such circumstances, it would be manifestly unfair to deprive [Doleno] of the opportunity to appear and present a defense to the charge against him." *Id.*

After review of the record before us, we discern no meaningful difference between *Doleno* and the facts of Appellant's case. As in *Doleno*, Appellant filed a post-sentence motion asserting that his failure to appear at trial was due to a mistake by his counsel, Attorney Vittorelli, who had incorrectly informed Appellant that the court had continued the proceedings. Notably, the trial court never filed and served on counsel and/or Appellant any order denying Appellant's motion for a continuance; instead, the court states in its opinion that its "secretary notified [Attorney] Vittorelli's office by telephone at 1:30 p.m. [on October 13, 2017,] that [Appellant's] request for a continuance … was denied." TCO at 11. Because no order was filed or served on counsel and/or Appellant, the record does not bely Attorney Vittorelli's claim that he believed the continuance had been granted, and that he passed this misinformation on to Appellant. We also stress that the Commonwealth did not object to the court's granting Appellant's post-sentence motion and retrying/resentencing him.

Additionally, the facts of Appellant's case offer more support for granting him a new trial than the circumstances in *Doleno*, as here, Attorney Vittorelli notified the court, **before** Appellant's trial commenced, that he and Appellant

- 6 -

would be absent because of counsel's mistaken belief that the continuance had been granted. Specifically, as the trial court recognizes in its opinion,

> [Attorney] Vittorelli telephoned th[e] court's chambers at 8:18 a.m. on the morning of October 16, 2017 and stated to th[e] court's secretary that a member of [Attorney] Vittorelli's staff mistakenly told both [Appellant] and [Attorney] Vittorelli that the hearing had been continued. [Attorney] Vittorelli further stated that, instead of planning to arrive at the Montgomery County Courthouse for the scheduled 10:45 a.m. hearings, [he] was on his way to a hearing in Chester County, Pennsylvania, and that pending the outcome in his Chester County matter, he would try to appear before this court.[2] [Attorney] Vittorelli stated that [Appellant] would definitely not be appearing before the undersigned at the 10:45 a.m. hearings.

TCO at 11; *see also* N.T. Trial/Sentencing, 10/16/17, at 3-4 (the court's acknowledging that Attorney Vittorelli had notified the court that morning that he and Appellant would be absent, and that he provided a reason for their failure to appear).

Nevertheless, the court decided to proceed with Appellant's trial and sentencing in his absence, explaining:

> [The Court:] [A]pparently, [Attorney] Vittorelli believes that if he asks for a continuance, it will be automatically granted, which it was not. It was denied by me because this has been continued a number of times before, and it's getting old at this point.

---

[2] We note that Appellant's trial began at 10:47 a.m., and his sentencing hearing concluded at 11:20 a.m. *See* N.T. Trial/Sentencing at 25. Attorney Vittorelli claims in Appellant's brief that he arrived at the Montgomery County Courthouse "at approximately 11:40 a.m. and was notified by [the trial court] that [Appellant] was found guilty in his absence of the criminal charge of ICC and sentenced by the [court] to 3 to 6 months of incarceration...." Appellant's Brief at 6.

So I'm prepared to proceed, and I gave him an extra five minutes. It's now between ten of and five of 11. I guess the Commonwealth's prepared to proceed.

…

So let's go on with the ICC. And again, I'm going to state, I've waited a few extra minutes and no one has appeared, [Appellant] nor [Attorney] Vittorelli, and apparently they gave themselves a continuance on this matter, but I don't agree with that. It's not continued. I said it wasn't continued, and we're going on with it.

N.T. Trial/Sentencing at 4, 5. Unlike in *Doleno*, the burden of proving that Appellant's absence was 'without good cause' was on the Commonwealth, *see Kelly, supra*, yet at no point did it present any evidence that Attorney Vittorelli believed that his continuance request would be 'automatically granted,' nor any proof that counsel and/or Appellant actually knew that the continuance request had been denied and still chose not to appear.

Given this record, and our decision in *Doleno*, we conclude that to uphold Appellant's conviction and sentencing would be manifestly unfair under these circumstances. *See also Commonwealth v. McLaurin*, 437 A.2d 440, 445 (Pa. Super. 1981) (finding that the defendant demonstrated good cause for his absence from a suppression hearing where his counsel "neglected to inform [him] to be in court on the date set for the hearing"); *Commonwealth v. Graves*, 356 A.2d 813, 814 (Pa. Super. 1976) (concluding that the defendant was not "absent without cause" where "he was not present … because his attorney advised him that he could leave"). Moreover, the trial court's reliance on *Commonwealth v. King*, 695 A.2d 412 (Pa. Super. 1997), is unavailing, as King failed to appear for trial **four** times before the court

finally tried him *in absentia*.  ***See King***, 695 A.2d at 413-14.  Clearly, ***King*** is not analogous to the case at hand.   Accordingly, we vacate Appellant's judgment of sentence and remand for a new trial.

Judgment of sentence vacated.  Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/18