619 A.2d 1349

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dominick W. SULLENS, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1992.

Decided Nov. 19, 1992.

William R. Cunningham, Dist. Atty., Joseph P. Conti, First Asst. Dist. Atty., Jane M. Earll, Asst. Dist. Atty., Erie, for appellant.

Ronald Eisenberg, Deputy Dist. Atty., Law Div., Philadelphia, George S. Leone, Asst. Dist. Atty., for amicus curiae, Pennsylvania Dist. Attys. Ass'n.

Michael R. Cauley, Erie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The only issue in this appeal is whether the Superior Court erred in granting a new trial due to appellee's trial in absentia in the court of common pleas. We hold that the trial was

properly held in appellee's absence and therefore reverse the order of the Superior Court.

While in custody in Erie awaiting trial on charges unrelated to this appeal, appellee Dominick W. Sullens learned that his brother had died in an automobile accident. He requested permission to attend the funeral in another city, but did not return to custody following the funeral; consequently, he was charged with escape, 18 Pa.C.S. § 5121. After being apprehended, he was arraigned in the court of common pleas on January 12, 1989, and waived his right to a jury trial on the escape charge. Appellee was notified to appear for his nonjury trial on February 27, 1989. On his trial date, however, appellee did not appear.

The trial court found that appellee knew of the trial date and that his absence was "without cause" in terms of Pa. R.Crim.P. 1117(a), which provides:

The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. *The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.*

(Emphasis added.) Accordingly, the court issued a bench warrant for appellee's arrest and proceeded to trial in appellee's absence. Appellee was found guilty of escape. Two months later he was apprehended, and he appeared before the court on May 26, 1989, for sentencing. He admitted that he had notice of the trial date and stated that he had absented himself because he did not want to be found guilty. He offered no justifiable reason for his absence. The court imposed a sentence of three and one-half to seven years imprisonment.

On appeal, appellee raised three issues, one of which was his claim that the trial court should not have tried him in absentia. The Superior Court reversed the judgment of sentence and remanded for a new trial, 584 A.2d 1050, holding that "an accused cannot waive his right to be present at trial by failing

to appear on the date scheduled for trial," citing *Commonwealth v. Felton,* 224 Pa.Super. 398, 307 A.2d 51 (1973). *Commonwealth v. Sullens,* No. 1744 Pittsburgh, 1989 (Pa.Super.1990, Memorandum Opinion at 3). The court did not address the two remaining issues,[1] as they were mooted by the granting of a new trial. We granted allocatur to consider only whether appellee's trial in absentia was impermissible, as the Superior Court held.

A defendant has an absolute right to be present at his trial. It is a right, however, which may be waived. It may be waived expressly, or waiver may be implied by a defendant's actions. *See, e.g., Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Commonwealth v. Africa,* 466 Pa. 603, 353 A.2d 855 (1976); *Commonwealth v. Diehl,* 378 Pa. 214, 107 A.2d 543 (1954). This principle is embodied in Pa.R.Crim.P. 1117(a), quoted supra: "The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict."

Superior Court did not cite or discuss Pa.R.Crim.P. 1117(a) which, on its face, appears to authorize trial in absentia under the circumstances present in this case. Instead, the Superior Court relied on its precedent in *Felton,* which held that after a trial begins, the unauthorized departure of a defendant does not preclude the completion of trial in his absence, but if he fails to appear for the commencement of trial, trial may not begin in his absence. The distinction was based on the following rationale of the Superior Court:

> This case [where the appellant was never present in the courtroom during his trial] is distinguishable from a proceeding where the defendant voluntarily absents himself from the courtroom subsequent to the initiation of the proceeding. If a mistrial were declared whenever a defen-

1. The two issues not decided by the Superior Court are: a) whether the trial court improperly graded appellee's escape conviction as a felony of the third degree; and b) whether prior counsel were ineffective for failing to challenge the trial court's gradation of the escape charge and for failing to challenge the legality of the parole detainer under which appellee was being held at the time of his escape.

dant voluntarily absents himself from the courtroom during trial, the courts would encourage defendants to refuse to appear whenever they expect the judge or jury to render a verdict of guilty. Such an absence would guarantee the defendant another opportunity to be acquitted. These circumstances do not attach to a case where the defendant does not appear on the date scheduled for trial. While the appellant's absence delayed the administration of justice, the appellant would not have received a second chance at acquittal if the trial had been postponed until his apprehension. If the waiver rule were extended to include actions taken by an accused prior to trial, fugitives who are unaware of the charges against them could be tried in absentia.

*Commonwealth v. Felton,* 224 Pa.Super. at 403, 307 A.2d at 53. In *Felton,* as in this case, the Superior Court did not address the applicability of Rule 1117(a). The court's conclusion, supra, that "fugitives who are unaware of the charges against them could be tried in absentia," is absurd; Rule 1117(a) does not authorize trial in absentia unless a defendant is absent "without cause," and a defendant who is unaware of the charges against him or who does not know of the establishment of a trial date is not absent "without cause." The court's fanciful speculation about fugitives who are unaware of the charges against them was unwarranted, for the defendant in *Felton* was aware of the charges against him and his trial date just as appellee in this case was aware of the charges against him and his trial date.

■ The Superior Court reasoned that to permit a defendant to halt the proceedings by absconding during trial would encourage him to avoid an expected verdict of guilt. It is equally apparent that applying a different rule when a defendant fails to appear *at all,* thus permitting him to halt his trial by absconding before the trial commences, has precisely the same effect: it encourages a defendant to ignore his summons to trial if he thinks a guilty verdict is likely, secure in the knowledge that he cannot be convicted until he is apprehended. In the words of the late Mr. Justice McDermott:

104

"No society on earth offers more than we do to preserve and protect the rights of those held for trial. It is more than simple discourtesy not to attend. It is an anarchical contempt of everything that so many have died to preserve." *Commonwealth v. Jones,* 530 Pa. 536, 541, 610 A.2d 439, 441 (1992) (McDermott, J., concurring).

Moreover, in *Jones, supra,* we recently affirmed the Superior Court's order quashing Jones' appeal due to his fugitive status following trial and sentencing in absentia.[2] Jones appeared on the day scheduled for trial and participated in the selection of jurors but disappeared before the second day of trial: before jury selection was completed, before the jury was impanelled and sworn, and before any evidence was presented. For double jeopardy purposes, a trial begins when the jury is impanelled and sworn. *Commonwealth v. Klobuchir,* 486 Pa. 241, 405 A.2d 881 (1979). To distinguish the *Jones* case from this one by saying that Jones' trial began with him in attendance whereas appellee never appeared for trial is to rely on an almost meaningless distinction; for double jeopardy purposes, at least, Jones was not present when his trial began and most of the protections afforded by the right to be present at one's trial were forfeited by Jones when he departed before the jury was impanelled. Appellee in this case personally, in open court, waived his right to trial by jury then left before evidence was presented in his bench trial. There is little functional difference between the *Jones* case and this one.

We are therefore unwilling to adopt the holdings of the Superior Court in *Felton* and this case which distinguish absence before trial from departure during trial. We hold that when a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried in absentia, as Pa.R.Crim.P. 1117(a) contemplates.

A contrary rule ... would be a travesty of justice. It would allow an accused at large upon bail to immobilize the

2. Although this court did not expressly approve Jones' trial and sentencing in absentia, quashing his appeal had the practical effect of insulating the procedure from appellate review. *See Jones,* 530 Pa. at 539 n. 2, 610 A.2d at 440 n. 2.

commencement of a criminal trial and frustrate an already overtaxed judicial system until the trial date meets, if ever, with his pleasure and convenience. It would permit a defendant to play cat and mouse with the prosecution to delay the trial in an effort to discourage the appearance of prosecution witnesses.... A defendant has a right to his day in court, but he does not have the right unilaterally to select the day and hour.

*Government of Virgin Islands v. Brown,* 507 F.2d 186, 189–90 (3d Cir.1975). Although we have not previously decided this issue, we note that numerous other jurisdictions have reached the same conclusion.[3]

Appellee argues, nevertheless, that the trial court improperly found, at the time his trial was scheduled to begin on February 27, 1989, that he was absent "without cause." He argues that the record failed to establish that he had been notified of the trial date. Although appellee characterizes the colloquy as reflecting "considerable" doubt that he had received notice of trial, the record establishes that there was very little doubt indeed. The judge's recollection and defense counsel's statements provided an adequate basis for the court to make a factual finding that appellee had notice of his trial date. The only uncertainty was due to the fact that defense counsel could not find a copy of his letter to appellee conveying the information.

In any event, we need not review the sufficiency of the evidence at the time the court found appellee to be absent without cause and decided to proceed with a trial in absentia. The record establishes beyond any doubt that appellee had

---

3. *E.g., United States v. Houtchens,* 926 F.2d 824 (9th Cir.1991); *United States v. Crosby,* 917 F.2d 362 (8th Cir.1990); *United States v. Muzevsky,* 760 F.2d 83 (4th Cir.1985); *United States v. Crews,* 695 F.2d 519 (11th Cir.1983); *Government of Virgin Islands v. Brown, supra; United States v. Sanchez,* 790 F.2d 245 (2d Cir.), *cert. denied,* 479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986); *State v. McGuire,* 1991 WL 181041, 1991 Tenn.Crim.App. LEXIS 766 (1991); *State v. Hudson,* 119 N.J. 165, 574 A.2d 434 (1990); *Barnett v. State,* 307 Md. 194, 512 A.2d 1071 (1986); *Freeman v. State,* 541 N.E.2d 533 (Ind.1989); *State v. LaBelle,* 18 Wash.App. 380, 568 P.2d 808 (1977); *State v. Davis,* 108 Ariz. 335, 498 P.2d 202 (1972).

notice of his trial, due to his admission at sentencing that he knew of his February 27, 1989 trial date and that he willfully decided to absent himself without cause or justification. Accordingly, the trial court did not err in conducting a bench trial in appellee's absence.

The order of the Superior Court is reversed. The case is remanded for the Superior Court to review the remaining issues raised by appellee.

PAPADAKOS, J., joins the majority opinion and files a concurring opinion.

ZAPPALA, J., files a dissenting opinion which is joined by CAPPY, J.

CAPPY, J., files a dissenting opinion which is joined by ZAPPALA, J.

PAPADAKOS, Justice, concurring.

I join with the majority, but write separately to emphasize that no harm is done to a defendant whose case is heard in his absence because good cause has not been shown to the trial judge for the absence when, in fact, good cause exists for the absence. At sentencing, when the defendant appears, if he can establish that he had good cause for his absence at trial, he would be entitled to a new trial.

ZAPPALA, Justice, dissenting.

I join in Justice Cappy's Dissenting Opinion but write separately to emphasize the inequities of the majority's ruling. It has always been my view that the law is fair and impartial, favoring neither the prosecution nor the defendant. But, today, the majority fosters injustice by holding that an accused who is absent without cause on his date of trial, may be tried in absentia.

Citing court timeliness, scheduling, and judicial respect, the majority punishes the careless or willful defendant who fails to appear. Yet, this same majority fails to consider the instances where the prosecutor neglects to appear "without cause."

Surely, court timeliness, scheduling and judicial respect are also at stake in these circumstances. However, we do not consider waiving the prosecution's right to try the defendant as an appropriate punishment.

In *Commonwealth v. Carson*, 510 Pa. 568, 510 A.2d 1233 (1986), we held that the lower court abused its discretion in sua sponte dismissing charges against the defendant when the prosecutor failed to timely appear for trial. As a basis for our holding we stated:

> The failure of a party to appear at a scheduled time must involve more than a mere failure of time; the failure must involve a failure of justice or prejudice to a defendant to justify the discharge of a criminal action. When such interests are not involved, the offending party may be otherwise sanctioned without defeating the public interest.

510 Pa. at 572, 510 A.2d 1235.

I cannot accept the double standard that this court continues to adopt. If a defendant or his counsel fails to appear, sanctions are now imposed. He effectively loses the greatest of all rights, that being the rights which are afforded him by the Pennsylvania State Constitution. However, if a prosecutor fails to appear, we require a showing of prejudice. It has always been said that although we strive to achieve a perfect trial, the most that we can hopefully obtain is a fair trial. If the process is not fair, however, then the exercise has been futile. If prejudice is a material issue when the prosecutor fails to appear, then the same standard should be applied to a defendant.

CAPPY, J., joins this dissenting opinion.

CAPPY, Justice, dissenting.

I dissent. The majority holds that a trial in absentia may be conducted where a defendant is aware of his trial date and willfully absents himself from trial without cause or justification. The majority further holds that the record in the case *sub judice* establishes beyond any doubt that appellee had

notice of his trial date "due to his admission at sentencing that he knew of his February 27, 1989 trial date ..." I disagree.

Notice of his trial is absolutely necessary to support a finding that appellee willfully absented himself from trial without cause or justification. In support of its finding that appellee had notice of his trial date the trial court stated:

> The defendant admitted that the reason for his absence from trial was fear of a guilty verdict. The record indicates that the defendant's attorney at the time gave the defendant written notice of the trial date. This Court also notes that the defendant was incarcerated from at least January 12, 1989 (the date he signed the Waiver of Jury Trial) to February 13, 1989. The trial date was set and defense counsel was notified of that date on January 12, 1989. The defendant also knew he would be scheduled for trial soon but made no inquiry to ascertain his trial date.

Opinion p. 7.

Based upon these reasons, I believe that there was no way the trial court could have known whether appellee had notice of the trial date when it ordered trial in absentia. Nevertheless, the majority concludes that the insufficiency of this evidence is irrelevant, because appellee admitted at sentencing that he knew of his trial date. However, such evidence cannot cure the insufficiency of the evidence before the trial court at the time it found appellee had notice of his trial date, and had willfully absented himself.

Clearly, the mere representations of appellee's counsel that he had mailed notice of the trial date to appellee, without knowledge of whether appellee had, in fact, received such notice, cannot serve to support a finding of the requisite notice. The majority's need to resort to reliance upon appellee's admission at sentencing further supports the insufficiency of the evidence when the trial court issued its order.

Therefore, I would hold that in the absence of uncontrovertible proof that appellee had notice of the trial date, the trial court was precluded from finding that appellee willfully absented himself from trial without cause.

Accordingly, I would affirm the opinion and order of the Superior Court, which found that the trial court erred in trying appellee in absentia, and remand for a new trial.

ZAPPALA, J., joins in this Dissenting Opinion.