COMMONWEALTH of Pennsylvania, Appellee,

v.

Richard KING, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 3, 1997.

Filed May 7, 1997.

Gary S. Server, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before DEL SOLE, SCHILLER and MONTEMURO*, JJ.

SCHILLER, Judge.

The guarantees of the United States and Pennsylvania Constitutions ensure an accused the right to fair and impartial proceedings. This concern for due process in our criminal justice system is tempered by the public's interest in the swift pursuit of justice. As such, the due process rights of the accused do not allow him to dictate the pace of his own trial by repeatedly absenting himself when his trial date is scheduled. Such actions mock our system of justice, and can-

---

* Retired Justice assigned to the Superior Court.

not be tolerated if the public's interest is to be respected. We therefore affirm.

FACTS:

Appellant, Richard King, appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of one count each of delivery of a controlled substance [1] and criminal conspiracy,[2] for which he was sentenced to concurrent terms of four to ten years imprisonment.

On August 24 and 27, 1993, an undercover police officer with the Philadelphia Police Department purchased several packets of crack cocaine from appellant and co-defendant Charles Dow inside a house located at 727 DeKalb Street in Philadelphia. On August 27, 1993, the police arrested appellant and during a search of the house on DeKalb Street recovered 46 vials of crack cocaine. Following several trial dates that were rescheduled because of appellant's absence, appellant was tried *in absentia* along with two co-defendants who did appear. The jury found appellant guilty of the crimes described above. Sentence was continued until appellant could be found, which did not occur until November 20, 1995.[3] This appeal followed.

DISCUSSION:

Appellant now raises one issue: whether the trial court erred in trying him *in absentia?*

■ The Pennsylvania Rules of Criminal Procedure provide for the trial of a defendant *in absentia:*

(a) The defendant shall be present at the arraignment, at every stage of the trial

1.  35 P.S. § 780–113(a)(30).

2.  18 Pa.C.S. § 903.

3.  The trial court also held appellant in contempt of court for failing to appear at trial after a bench warrant was issued, and sentenced him for that contempt to twenty-nine days to five months imprisonment to run consecutive to the other sentences in this case.

4.  According to the Supreme Court:
    A contrary rule ... would be a travesty of justice. It would allow an accused at large

including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.

Pa.R.Crim.P. 1117(a). As the Supreme Court noted, a defendant has an absolute right to be present at his trial, but he may waive this right either expressly or implicitly by his actions. *Commonwealth v. Sullens,* 533 Pa. 99, 619 A.2d 1349 (1992). Therefore, under Pa.R.Crim.P. 1117(a), a defendant absent without cause at the time his trial is scheduled to begin may be tried *in absentia.*[4]

■ Following his arrest, appellant was held over for trial by the Municipal Court on September 3, 1993, but was allowed to remain free on bail. Thereafter, appellant appeared for his arraignment on September 24, 1993, a pretrial conference on September 24, 1993 and a scheduling conference on November 5, 1993, at which time the Court scheduled a jury trial for January 20, 1994, with appellant signing a subpoena. However, court was cancelled on January 20, 1994 due to inclement weather. On January 21, 1994, appellant's trial was rescheduled for March 10, 1994, at which time a bench warrant was issued for service. On March 10, appellant failed to appear, causing the trial court to issue a bench warrant; the court then rescheduled trial for March 22, 1994. Appellant failed to appear on March 22, as well as the next two assigned dates: June 13, 1994 and August 17, 1994. It should be noted that appellant's attorney was duly notified of each of these rescheduled trial dates.

upon bail to immobilize the commencement of a criminal trial and frustrate an already overtaxed judicial system until the trial date meets, if ever, with his pleasure and convenience. It would permit a defendant to play cat and mouse with the prosecution to delay the trial in an effort to discourage the appearance of prosecution witnesses. .... A defendant has a right to his day in court, but he does not have the right unilaterally to select the day and the hour.
*Commonwealth v. Sullens,* 533 Pa. 99, 104–05, 619 A.2d 1349, 1352

The next scheduled trial was October 26, 1994; appellant again failed to appear. On the next day, the trial judge heard testimony from Detective Lee Everitt of the Philadelphia Police who said that in an attempt to locate appellant he went to appellant's residence, contacted the local prison system, and hospitals, but to no avail. Upon appellant's appearance at sentencing, he stated that he was going to go to trial, but that he had moved and could not get the subpoenas that had previously been issued. He also said, "Now, the reason why, I guess, I didn't turn myself in, because I was afraid to go to jail plus I was on drugs, your honor ... I was on drugs and I was scared to go back to jail." N.T. November 20, 1995, p. 3.

It is clear from his admission at sentencing that appellant knew of his trial date, but that he willfully decided to absent himself because he was scared of jail and was using drugs. As acknowledged by the Supreme Court, an admission such as this, even if its occurs at sentencing, is sufficient to show that appellant had notice of his trial date but failed to appear for trial without cause. *Commonwealth v. Sullens, supra.* In addition, the trial court continued appellant's trial at least four times over a seven month period, but appellant, despite being aware that a trial was pending, never attempted to contact either the court or his counsel to determine the status of his case. Thus, the trial court had sufficient evidence with which to conclude that appellant was willfully evading trial and, therefore, the court did not err in trying appellant *in absentia* pursuant to Pa. R.Crim.P. 1117(a).

CONCLUSION:

The trial court did not err in trying appellant *in absentia* because appellant was absent from his trial date without cause.

Consequently, the judgment of sentence entered by the Court of Common Pleas of Philadelphia County is affirmed.