J-S12015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD JOHNSON | : | |
| | : | |
| Appellant | : | No. 2802 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002892-2017

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    Filed: May 27, 2021

Edward Johnson appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his bifurcated non-jury trial held *in absentia*.  After careful review, we affirm.

In March 2017, Johnson was arrested and charged with aggravated assault,[1] possessing instruments of crime (PIC),[2] simple assault,[3] and recklessly endangering another person (REAP).[4]  The charges stemmed from a domestic dispute between Johnson and his wife, during which Johnson allegedly punched his wife in the face several times, hit her with a stool, and

_____

[1] 18 Pa.C.S. § 2702(a).

[2] 18 Pa.C.S. § 907(a).

[3] 18 Pa.C.S. § 2701(a).

[4] 18 Pa.C.S. § 2705.

repeatedly beat her with a baseball bat. Johnson also allegedly dragged his wife down the hallway of their apartment, attempted to pull off her pants, and then tried to shove the baseball bat into her anus. **See** Commonwealth's Sentencing Memorandum, 7/19/19, at 1-2.[5]

Johnson was present in court when his bail was set. At the first trial listing on June 18, 2018, the parties jointly requested a continuance. Defense counsel was permitted to accept service for Johnson, who was hospitalized at the time. At the next trial listing on December 7, 2018, the parties again jointly requested a continuance and counsel, again, accepted service for Johnson, who was still hospitalized.

On February 4, 2019, Johnson was present in court for litigation of a pre-trial motion. At that time, the court scheduled trial to commence on March 11, 2019. Johnson appeared in court on March 11, 2019, at which time he waived his right to a jury trial. Johnson also appeared for the first day of trial, held on April 11, 2019, in front of the Honorable Charles Ehrlich. On that day, counsel gave opening statements and a police officer testified for the Commonwealth. However, after the officer testified, the assistant district attorney asked the judge to bifurcate the trial "for the civilian witnesses." N.T. Bifurcated Waiver Trial, 3/11/19, at 33. The court granted the Commonwealth's request and scheduled the remainder of the waiver trial for

---

[5] The altercation was witnessed by Johnson's wife's nine-year-old granddaughter, who ultimately ran to a neighbor's home and asked them call 911 because her "mom-mom" was being beaten by her "pop-pop." N.T. Bifurcated Waiver Trial, 3/11/19, at 11-13.

April 8, 2019. However, the case was again continued, due to a court conflict, until April 12, 2019. On April 12th, Johnson failed to appear for trial. Defense counsel represented to the trial judge that Johnson had just been evicted from his home. Although the Commonwealth moved to proceed to trial in Johnson's absence, the trial court granted defense counsel's request to continue trial until April 18th. Defense counsel accepted service for Johnson and the trial court issued a bench warrant *nunc pro tunc* if Johnson failed to appear at the next listing.

On April 18, 2019, Johnson failed to appear for trial; defense counsel stated that he "ha[d] no information to present to the [c]ourt" regarding Johnson's absence. *Id.* at 4. However, defense counsel told the court that he had "communicate[d] through text message [with Johnson] that [the judge] wanted him [in court] at 9:00 [a.m.] sharp." *Id.* at 4-5. Defense counsel also informed Judge Ehrlich that he had called and spoken to Johnson the previous evening to remind him about trial the next day. *Id.* at 5. At that point, Judge Ehrlich indicated that he was going to proceed *in absentia*, but first permitted the Commonwealth to prove, on the record, that Johnson's absence was without cause. *Id.* After a brief recess, *id.* at 6, the Commonwealth presented the testimony of police officer Tanisha Rosario. Officer Rosario testified that the Commonwealth had asked her to "do a check of the whereabouts of [] Johnson," *id.* at 8, and, that in response, she had "check[ed]" fifteen hospitals for Johnson, contacted the morgue to make sure Johnson was not deceased, and also inquired as to whether he was in custody.

*Id.* Officer Rosario testified she had spent an hour "on and off" trying to locate

Johnson.[6] *Id.* at 10.[7]

Following Officer Rosario's testimony, the court made the following

statement on the record with regard to trying Johnson *in absentia*:

> I find that Commonwealth met its burden to proceed *in absentia*.
> [] I would also note for the record, so it's clear, that on April 12th,
> this case was to be heard and completed at 2:00 p.m.  It was
> previously started on March 11[], 2019.   [Johnson] did not
> appear.

> [Defense counsel], as a result of a number of phone calls, did
> speak to [Johnson] who was in the process of an emergency move
> from his house and didn't know about it but requested[—defense
> counsel] requested on his behalf[—]that we continue the case
> until today so he wouldn't be in the middle of some emergency
> move notifying him.

> So[,] we continued it until April 18th for him to be here at 9:00
> [a.m.]  It's now 2:41 p.m.  [Johnson] has not appeared, and
> [defense counsel,] . . . when this case was called[,] stated that he
> did have contact with [Johnson], told [Johnson] that he had to be
> here at 9:00 on April 18th, spoke to him last night to remind him
> that he had to be here, and as a result of that[,] I find that this is
> a willful failure to appear, and the Commonwealth may proceed
> under Rule 602 with the completion of this trial *in absentia*.

*Id.* at 14-15 (italics added).  Defense counsel then noted his objection for the

record and the court proceeded to try Johnson *in absentia*.  *Id.* at 15.

---

[6] Officer  Rosario testified that she printed out a photograph of Johnson, using
his Public Protection Notice (PPN) number, to use for identification purposes,
and she also checked for his whereabouts using Johnson's alias, Emanual
Robinson.  *Id.* at 9-10.

[7] The Commonwealth also called Robin Washington, a court clerk, who
testified that Johnson's Secure Court Summary, which had been marked for
identification and entered as Exhibit C-3, was an accurate copy.  *Id.* at 13.

At the conclusion of trial, Johnson was convicted, *in absentia*, of the above-mentioned crimes. On July 22, 2019, Johnson was sentenced to 8-20 years for aggravated assault, with concurrent sentences on all other charges. On August 1, 2019, Johnson filed a motion to reconsider his sentence that was denied without a hearing. Johnson filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Johnson presents the following issue for our review:

> Did not the trial court deny [Johnson] his rights under the Sixth Amendment to the United States Constitution and Article I, §§ 6 and 9 of the Pennsylvania Constitution to be present in court at every stage of a criminal trial, where the court failed to determine by a preponderance of evidence that [Johnson] was absent without cause?

Appellant's Brief, at 3.

A defendant has the constitutional right, guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution, to be present in the courtroom at every stage of his or her criminal trial. ***Commonwealth v. Tharp***, 101 A.3d 736, 762 (Pa. 2014). When a defendant alleges a violation of that right, we review such claims *de novo*, and our scope of review is plenary. ***Commonwealth v. Tejada***, 161 A.3d 313, 317 (Pa. Super. 2017).

Pennsylvania Rule of Criminal Procedure 602[8] "dictates that a defendant shall be present at every stage of a trial[,] including the impaneling of the jury and the return of the verdict, except as otherwise provided by the rule." *Commonwealth v. Decosta*, 197 A.3d 813, 816 (Pa. Super. 2018). The only exception under Rule 602 is when a defendant is "absent without cause." *Id.* The Commonwealth has the burden of proving, "by a preponderance of the evidence[,] that the defendant is absent 'without cause' and that he knowingly and intelligently waived his right to be present." *Commonwealth v Hill*, 737 A.2d 255, 259 (Pa. Super. 1999); *see also* Pa.R.Crim.P. 602 (Comment).

Instantly, the trial court noted that Johnson appeared and testified at the first portion of his bifurcated trial on March 11, 2019. However, when trial resumed on April 12, 2019, defense counsel notified the court that Johnson

_____

[8] Specifically, Rule 602 states:

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. **The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.**

Pa.R.Crim.P. 602**(A)** (emphasis added). *See id.* (Comment) (stating Rule 602 was amended in 2013 "to clarify that, upon a finding that the absence was without cause, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without cause at the time set for trial or during trial").

had emergency "housing issues" and would not be able to appear in court. Accordingly, the trial court continued trial to April 18, 2019. On the 18th, Johnson again failed to appear. After conducting an *in absentia* hearing, the court permitted the Commonwealth to proceed in Johnson's absence.

In its Rule 1925(a) opinion, the court supports its decision to try Johnson *in absentia*, stating that: Johnson had notice of his trial date; the court granted defense counsel's request for a continuance on April 12, 2019, due to Johnson's "emergency housing move;" defense counsel texted Johnson to be in court at "9:00 [a.m.] sharp" on April 18th and also spoke to Johnson on the telephone on the evening of the 17th about being at trial the next morning. Trial Court Opinion, 9/3/20, at 8. In light of these facts, the court concluded that Johnson willfully failed to appear on the 18th. *Id.* Moreover, the court found that the Commonwealth met its burden of proving that Johnson was absent from trial without cause by employing Officer Rosario to search for Johnson. Officer Rosario called fifteen area hospitals searching for Johnson. She also called the morgue and checked to see if Johnson was in custody. *Id.* Officer Rosario, however, testified on cross-examination that she did not check any of Johnson's past known addresses. *Id.* at 10.

After reviewing the record, we conclude that the Commonwealth met its burden of proving that Johnson was absent without cause from trial on April 18, 2019. The evidence shows that Johnson was aware of the charges against him and, notably, was notified by his attorney—the evening before his second day of trial—by text message and a phone call reminding him about the 9:00

- 7 -

am start time.[9]   Additionally, there is no evidence of record that Johnson absented himself involuntarily.  ***Commonwealth v. Kelly***, 78 A.3d 1136, 1143 (Pa. Super. 2013).   Finally, the Commonwealth attempted to locate Johnson, by searching reasonable locations under the circumstances, prior to trial proceeding in his absence.[10]

Under such circumstances, we find that the trial court reasonably concluded Johnson had voluntarily waived his right to be present during trial and, as a result, the court correctly conducted trial in his absence.  ***Compare Commonwealth v. Sullens***, 619 A.2d 1349 (Pa. 1992) (where defendant knew of his trial and willingly absented himself from proceedings, defendant

_____

[9] Moreover, neither Johnson nor any other personal representative contacted the court to provide a reason as to why he was not present for his trial on April 18th.

[10] In coming to our decision today we recognize a prior panel decision, ***Commonwealth v. Norton***, 138 EDA 2019 (Pa. Super. filed July 23, 2020) (unpublished memorandum decision), where our Court vacated the defendant's judgment of sentence and remanded for resentencing when the trial court had sentenced the defendant *in absentia*.   There, the Commonwealth also used Officer Rosario to "attempt to locate [the defendant], over a two to three hour span, [] limited to checking local hospitals, the jail and the morgue." ***Id.*** at 7.  In ***Norton***, the panel concluded that the Commonwealth's attempt to locate the defendant "was inadequate to justify sentencing anyone *in absentia*, especially 'a person with [defendant]'s mental illness, substance abuse problems, cognitive impairments, and apparent lack of notice of her hearing.'"  ***Id.***   Despite the fact that the Commonwealth used the same investigator in this case and that she employed similar search tactics to find Johnson, the significant fact that Johnson was clearly aware of his trial date, that defense counsel had contacted Johnson the night before (via text and telephone) to remind him to be present at trial, and where there was no evidence that Johnson had any cognitive or substance abuse issues makes ***Norton*** clearly distinguishable from the instant case.

was absent without cause and properly tried *in absentia*) **with Decosta**, *supra* (trial court violated defendant's constitutional right to be present at every stage of trial and abused its discretion by denying defense counsel's request to stay return of verdict, when defendant was hospitalized and intubated for medical problem during course of jury's deliberations; Commonwealth did not prove, by preponderance of evidence, that defendant was absent without cause).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/21