J-S05015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. HAWA | : | |
| | : | |
| Appellant | : | No. 591 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 12, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005978-2019

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:　　　　　　　**FILED APRIL 20, 2022**

Michael J. Hawa appeals from the judgment of sentence entered on April 12, 2021, in the Lancaster County Court of Common Pleas, following his conviction for driving under the influence ("DUI") of a controlled substance. Hawa contends the trial court erred by holding a non-jury trial *in absentia* since he claims he never received notice of the trial date. He also raises a suppression claim. After careful review, we affirm.

On August 25, 2019, Hawa was arrested for DUI — controlled substances after he allegedly drove to a local convenience store while intoxicated. On November 19, 2019, a criminal information was filed against Hawa, and he waived arraignment.

On September 15, 2020, Hawa filed an omnibus pretrial motion to suppress statements made during field sobriety testing, as well as the results

of a drug evaluation and blood testing. The next day the court filed an order, stating the motion to suppress would be heard at the beginning of the non-jury trial.

Trial was initially scheduled for December 28, 2020. However, pursuant to an administrative order relating to the COVID-19 pandemic, the trial was continued and eventually rescheduled for January 12, 2021. Then, for reasons that are not clear from the record, the trial was again canceled and rescheduled for March 26, 2021.

On March 26, 2021, Hawa failed to appear for trial. The following is the entirety of the conversation that took place before the court regarding Hawa's absence.

> THE COURT: … Are we ready to proceed?
>
> [COMMONWEALTH]: Your Honor, the Commonwealth is. Unfortunately, the defendant is not present here today.
>
> [DEFENSE COUNSEL]: To that end, Your Honor, I had sent letters to all of the addresses we had for [] Hawa. Communication has been difficult with him. *The last phone conversation I had was about the same time when the order rescheduling it for today's date was. Since then there hasn't been any phone conversations*. I can't say whether or not [] Hawa actually received the letters in the mail. They were not sent certified, they were just sent first class.
>
> THE COURT: Were they returned?
>
> [DEFENSE COUNSEL]: No, Your Honor.
>
> THE COURT: Is that the address he gave you?
>
> [DEFENSE COUNSEL]: There's two addresses, one's a PO Box and the other one is [an] address in Gap.

THE COURT: So you sent letters to each one of the addresses that he gave you?

[DEFENSE COUNSEL]: Yes, Your Honor. But I have not received any word back from him. The letters did direct him to contact me and to appear today.

[COMMONWEALTH]: And Your Honor, in terms of potentially proceeding *in absentia*, [defense counsel] did alert me just last night. I did a little research on it. I know it's the Commonwealth's burden to prove that the defendant basically waived his right to appear. With what we have here with the COVID scheduling, I don't know that I have enough to say that we should proceed *in absentia* without creating potentially an appeal issue.

THE COURT: Why would COVID have anything to do with the fact that this trial was scheduled some time ago? Everyone is here. We're all here, we're ready to start. The police are here. The Commonwealth witnesses are here. I assume defense counsel is ready to go because he's always prepared for these events. Are we ready to start?

[COMMONWEALTH]: I'm ready to proceed, Your Honor.

[DEFENSE COUNSEL]: I am ready to proceed, too, Your Honor.

THE COURT: Well, let's start. Call your first witness.

N.T., 3/26/2021, at 4-6 (emphasis added).

The court then began the bench trial. Prior to the first witness being called, defense counsel interrupted to address the outstanding omnibus pretrial motion to suppress. After some discussion, the motion was heard, and the court denied the suppression motion.

The trial *in absentia* then resumed. Notably, all testimony taken during the suppression hearing was incorporated into the trial by agreement of the parties. **See** N.T., 3/26/2021, at 78. At the conclusion of the trial, the court

found Hawa guilty of DUI — controlled substance. A bench warrant was issued for Hawa for his failure to appear. Two weeks later, Hawa was arrested on the bench warrant. A few days later, Hawa was sentenced to seventy-two hours to six months' imprisonment. This timely appeal followed.

On appeal, Hawa argues the trial court erred in denying his pretrial motion to suppress, as well as by holding a trial *in absentia*.

We address Hawa's challenge to the trial *in absentia* first. Specifically, Hawa contends the record fails to demonstrate that he "was advised when the proceedings were to commence and that he voluntarily, knowingly, and without justification failed to be present at the designated time and place." Appellant's Brief, at 5. "A defendant has an absolute right to be present at his trial. It is a right, however, which may be waived. It may be waived expressly, or waiver may be implied by a defendant's actions." **Commonwealth v. Sullens**, 619 A.2d 1349, 1351 (Pa. 1992) (citations omitted). We review a trial court's decision to proceed with a trial *in absentia* for an abuse of discretion. **See Commonwealth v. Wilson**, 712 A.2d 735, 739 (Pa. 1998). "Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill-will." **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013).

Here, it is undisputed that Hawa was not present when his bench trial started. Hawa claims he never received notice of the rescheduled trial date. He argues the trial court erred by finding he knowingly and voluntarily waived his right to be present because the Commonwealth did not prove, by a preponderance of the evidence, that he was absent from trial without cause. However, we highlight the undisputed fact that Hawa did not maintain contact with his attorney while he knew his trial was impending. Hawa does not argue that any circumstance prevented him from maintaining contact with his attorney; he merely reiterates that he did not know of the rescheduled date for trial.

Since Hawa voluntarily failed to remain in contact with counsel during a time he knew trial was pending, a presumption arises that Hawa "knowingly sought to avoid being tried in this case." **Commonwealth v. Kelly**, 78 A.3d 1136, 1144 (Pa. Super. 2013), *disapproved on other grounds by* **Commonwealth v. King**, 234 A.3d 549, 570 (Pa. 2020). Hawa cannot be rewarded for failing to take the prospect of trial seriously. His unexcused failure to stay in contact with his attorney established his intent to waive his right to be present for trial. We cannot conclude the trial court abused its discretion in finding that Hawa had voluntarily and knowingly waived his right to be present. Hawa's first issue on appeal merits no relief.

Next, we address Hawa's challenge to the denial of his motion to suppress his statements to police. After observing that he appeared to be

intoxicated, police asked Hawa to perform field sobriety testing. *See* N.T., 3/26/21, at 20. Hawa adequately performed the horizontal nystagmus test but claimed he could not perform the walk and turn or the one-legged stand tests due to back injuries. *See id.*, at 22. The officer terminated the testing as inconclusive at that point, and asked Hawa if he was currently taking any medication. *See id.* Hawa admitted that he had recently taken half a pill of Percocet. *See id.*

Hawa argues that his admission should have been suppressed because police did not provide *Miranda*[1] warnings before he made the statement. Our Court's standard of review for a suppression issue is deferential to the suppression court's findings of fact, but not its conclusions of law:

> [We are] limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa. Super. 2017) (internal citations omitted).

Hawa argues that his encounter with police rose to the level of a custodial detention that included a coercive interrogation after he was directed to leave his car. "A law enforcement officer must administer *Miranda* warnings prior to custodial interrogation." *Commonwealth v. Baker*, 24 A.3d 1006, 1019 (Pa. Super. 2011) (citation omitted). "Custodial interrogation has been defined as questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his [or her] freedom of action in any significant way." *Id.* (citation and quotation marks omitted).

However, the Supreme Court of the United States has held that a motorist subjected to a typical traffic stop is "not in custody for the purposes of *Miranda*." *Pennsylvania v. Bruder*, 488 U.S. 9, 10 (1988) (quotation marks and citation omitted). Hawa contends that his interaction with police was not a typical traffic stop. While we agree that this interaction is difficult to define as typical, we conclude that Hawa was nonetheless not in custody for purposes of *Miranda*.

Hawa's primary argument on appeal to the contrary is that, after the interaction began, police permitted him to return to his car to retrieve a cigarette, but subsequently ordered him to alight from his car to resume testing. While the steps that led to the police ordering Hawa to alight from his

car were not necessarily typical of traffic stops, the conduct of the police asking Hawa to leave his vehicle to submit to a sobriety test is quite typical. *Compare Bruder*, 488 U.S. at 9-10 (holding that sobriety testing during vehicle stop was not custodial interrogation) *with Commonwealth v. Turner*, 772 A.2d 970, 974-75 (Pa. Super. 2001) (holding that motorist placed in back seat of police cruiser to wait for another officer to question him was under custodial interrogation requiring *Miranda* warnings). As Hawa was not subject to a custodial interrogation when asked whether he was on medication, he was not entitled to *Miranda* warnings, and the trial court properly refused to suppress his inculpatory answer. Accordingly, Hawa's second issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2022

- 8 -