J-A24022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARTHUR GARLACK PROUT | : | |
| | : | |
| Appellant | : | No. 942 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 10, 2022
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000280-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED JANUARY 9, 2023**

Arthur Garlack Prout appeals from the judgment of sentence entered in the Wayne County Court of Common Pleas on March 10, 2022, following his conviction for possession of marijuana. On appeal, Prout claims the trial court erred by continuing his trial *in absentia* when he was not present only a few minutes after a short recess had been called. After careful review, we agree. We therefore vacate the judgment of sentence and remand for a new trial.

In April 2021, Prout was charged with possession of marijuana, possession of drug paraphernalia, and disorderly conduct. In November 2021, the Commonwealth amended the criminal information to withdraw the charge of possession of drug paraphernalia.

On February 17, 2022, a non-jury trial was held. Prout was present but initially refused to participate. **See** N.T., Non-Jury Trial, 2/17/22, at 4-9. The

Commonwealth proceeded to call Sheriff Christopher Rosler and Lieutenant Robert Langman to testify. After numerous interjections and attempted objections during the direct examination of Sheriff Rosler, Prout eventually decided to participate and represent himself. *See id*. at 15-20. He then cross-examined Sheriff Rosler. Prout remained present during the direct-examination of Lieutenant Langman, during which he continued to interject and lodged numerous objections. *See id*. at 66-77.

Prior to cross-examination of Lieutenant Langman, the trial court called a five-minute recess at 12:02 p.m. *See id*. at 76. The court reconvened at 12:09 p.m. and noted for the record that Prout was not present. *See id*. at 77. The Commonwealth then rested its case, *see id*. at 77, and made a closing argument. *See id*. at 78. The trial court once again noted Prout's absence, and subsequently found him guilty of possession of marijuana, and not guilty of disorderly conduct. The trial concluded at 12:13 p.m. *See id*. at 80.

On March 10, 2022, the trial court sentenced Prout to pay the costs of prosecution and a fine of $200.

A month later, Prout filed an "Affidavit of Defendant", in which he detailed where he went during the recess and attempted to explain his absence.

> 6. I left Courtroom 3 to go put more money in the parking meter, went down two flights of stairs, used the bathroom because of my gastro-intestinal disability, exited the front entrance, walked around the side of the Courthouse to the parking lot, put more money in my car's parking meter, then walked back the same way I came, entered the front of the Courthouse, removed everything

- 2 -

from my pockets, went through the metal detector and my body was scanned, then walked up two flights of stairs and entered Courtroom 3.

7. I moved as quickly as I could when going outside to put money in the meter for my car and then returning to Courtroom 3[.]

8. When I entered Courtroom 3 [the Judge] was not on the bench, the prosecutor was still present and I passed Lieutenant Langman, who was walking out of the Courtroom.

9. A person who I believe was a courtroom clerk in Courtroom 3 then told me that the Judge had called a five minute recess, I was gone for seven minutes and the Judge found me guilty of possession of a small amount of marijuana and not guilty of disorderly conduct.

10. I had intended to cross-examine Lieutenant Langman and then to testify on my own behalf but was prevented from doing so.

11. My failure to appear back in Courtroom 3 before the trial re-commenced was the result of how long it would take me to go outside to put money in the meter and then return to Courtroom 3.

12. I am a United States Army veteran of the Desert Storm war, I have a 90% disability rating from the Veterans Administration and suffer a gastro-intestinal disability, bulging and herniated discs, [PTSD], glaucoma and abnormal heart rhythm, all of which are service-connected.

Affidavit of Defendant, 4/6/2022, at 2-3. Prout filed this timely appeal the next day.

Prout raises the following two issues[1] on appeal:

_____

[1] We note that Prout's Pa.R.A.P. 1925(b) concise statement seems to include 11 claims. We find the following two issues raised on appeal are encompassed within those issues. As far as any other issue was raised in the concise

*(Footnote Continued Next Page)*

1. Did the Trial Court abuse its discretion by re-adjourning the non-jury trial after a brief recess without the presence of the defendant since the Commonwealth of Pennsylvania had failed to show by the preponderance of the evidence that the defendant's absence was without cause as required by Pennsylvania Rule of Criminal Procedure 602(A)? []

2. Was the evidence concerning marijuana properly admitted when the Commonwealth failed to have Lt. Langman to testify as to his qualifications, training, experience, knowledge and methodology for conducting an NIK test? []

Appellant's Brief, at 5.

"A defendant has an absolute right to be present at his trial. It is a right, however, which may be waived. It may be waived expressly, or waiver may be implied by a defendant's actions." **Commonwealth v. Sullens**, 619 A.2d 1349, 1351 (Pa. 1992) (citations omitted). We review a trial court's decision to proceed with a trial *in absentia* for an abuse of discretion. **See Commonwealth v. Wilson**, 712 A.2d 735, 739 (Pa. 1998).[2] "Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality,

_____

statement, but not raised on appeal, we find that Prout has waived them. **See Commonwealth v. Hardy**, 918 A.2d 766 (Pa. Super. 2007).

[2] We note that in **Commonwealth v. Tejada**, 161 A.3d 313 (Pa. Super. 2017) this Court held that a claim that a defendant was denied his right to confront a witness because of his absence from the courtroom is reviewed under a *de novo* standard. **See id**. at 317. Here, we need not resolve this tension, as Prout is due relief even under the more deferential abuse of discretion standard.

- 4 -

prejudice, bias, or ill-will." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted).

Importantly, our Rules of Criminal Procedure provide even greater protection of a defendant's right to be present at trial than the Pennsylvania or United States Constitutions. ***See Commonwealth v. DeCosta***, 197 A.3d 813, 816 (Pa. Super. 2018). Under Pa.R.Crim.P. 602(A), there are only two ways a trial court can proceed to trial *in absentia*. First, the defendant may affirmatively waive his right to be present. ***See DeCosta***, 197 A.3d at 816 n.2. Second, if the defendant has not affirmatively waived his right, the court may proceed *in absentia* if the court finds that he is absent from the trial "without cause." ***Id***. at 816. The Commonwealth bears the burden of proving "by a preponderance of the evidence that the defendant is absent 'without cause' and that he knowingly and intelligently waived his right to be present[.]" ***Commonwealth v. Hill***, 737 A.2d 255, 259 (Pa. Super. 1999).

Prout argues the trial court erred because it failed to find that he knowingly and voluntarily waived his right to be present. Specifically, he contends that the Commonwealth did not prove, by a preponderance of the evidence, that he was absent from trial without cause as required by Pennsylvania Rule of Criminal Procedure 602(A).

Here, while Prout was present for a majority of the trial, he was not present when the court reconvened after calling a five-minute recess. In an affidavit filed almost two months after trial, Prout stated he was not present

- 5 -

when trial reconvened because he took the five-minute recess to go put money in his parking meter and go to the bathroom. *See* Affidavit of Defendant, 4/6/2022, at 2-3. He claims by the time he completed those tasks, went back through court security, and made it back to the courtroom, the trial had finished and only the prosecutor and a police officer were still there. *See id*. at 3.

When the trial court reconvened after the recess, it was noted for the record that Prout was not present. *See id*. at 77. However, that is the extent of the discussion on the record regarding Prout's absence. There is no indication from the record that any inquiry was made into Prout's whereabouts, or the reasons for his absence.

It was the Commonwealth's burden to demonstrate Prout was absent without cause when the court decided to proceed with the remainder of the trial without Prout present. There is no evidence of record of the Commonwealth attempting to meet its burden of proving by a preponderance of the evidence that Prout was absent without cause. In fact, the Commonwealth did not weigh in at all on the decision to continue in Prout's absence.

Accordingly, we conclude the trial court abused its discretion by holding the trial in Prout's absence. Specifically, the trial court violated Prout's rule-based right to be present pursuant to Rule 602(A) where the Commonwealth

did not prove, by a preponderance of the evidence, that Prout was absent without cause. Accordingly, Prout is entitled to a new trial.

Due to our disposition, we need not reach Prout's second issue.

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2023