J-S11035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
                 Appellee   :
   :
                 v.   :
   :
ROLAND GRAHAM   :
   :
                 Appellant   :   No. 2316 EDA 2022

Appeal from the Judgment of Sentence Entered September 7, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000634-2020

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:          **FILED JUNE 21, 2023**

Appellant, Roland Graham, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for attempted murder, aggravated assault, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possessing instruments of crime ("PIC").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows:

> On March 6, 2016 at approximately 5:00 p.m., [Appellant] was eating at Church's Chicken on North Broad Street and West Erie Avenue in North Philadelphia.  Lemuel Meyers and his brother, Josiah Meyers, were working at Church's Chicken that evening.  Lemuel went into the dining room to clean tables.  As he was spraying a table near [Appellant], mist from the cleaning solution wafted towards [Appellant]. [Appellant] became upset and told Lemuel that he should not be cleaning tables around people who were eating.

---

[1] 18 Pa.C.S.A. §§ 901(a), 2502, 2702, 6106, 6108, and 907, respectively.

Lemuel apologized, but [Appellant] cursed at him and an argument ensued. [Appellant] left the restaurant but was still arguing with Lemuel from outside. Lemuel took his uniform shirt off and prepared to exit the store to fight [Appellant], but he was stopped by a customer. At that point, Josiah, who was working in the kitchen, became aware of the altercation between Lemuel and [Appellant]. Josiah ran into the dining room and assisted the customer in restraining Lemuel. [Appellant] continued to yell at Lemuel and told him to "come outside," but Lemuel put his hands up and began to walk away. [Appellant] then reentered the store with a gun and, apparently mistaking Josiah for Lemuel, shot Josiah twice. [Appellant] then paused, called Josiah a "mother-fucker," and shot him twice more as he was on the ground. Josiah was struck in the neck, shoulder, arm, and chest. [Appellant] grabbed his food and calmly exited the restaurant.

Upon their arrival at the scene, detectives collected video surveillance footage from the restaurant, which showed the incident in its entirety. Police made a compilation of the surveillance footage and sent it to local news stations to obtain tips on the suspect's identity. Police immediately began receiving tips from the public and, based on those tips, prepared a photo array. The photo array was shown to both Josiah and Lemuel. They both identified [Appellant] as the shooter.

On the morning of March 10, 2016, SEPTA police officers Michael Arlen and Thomas Messer, responding to a radio call, found and arrested [Appellant] in the back of a SEPTA bus. [Appellant] first identified himself to the officers as Roland Brown before identifying himself as Roland Graham.

(Trial Court Opinion, filed 11/16/22, at 2-3) (internal footnote and record citations omitted).

The court scheduled trial for June 2022. At the time, the Philadelphia County Sheriff's Department would not transport prisoners to court without a negative COVID-19 test. (*See* N.T. Trial, 6/22/22, at 3). Pursuant to this

policy, prisoners who refused testing would not receive transportation. The court was aware of the policy and determined that it would proceed to trial without Appellant if he refused to take a COVID-19 test on the date scheduled for trial.[2] (**See** Court Exhibit 1, Letter, dated 6/10/22). To confirm that Appellant was aware of the consequences of a refusal, defense counsel sent a letter to Appellant at the county jail on June 10, 2022. (**See id.**)

At the direction of the court, counsel also attempted to visit Appellant at the county jail on June 21, 2022. (**See** N.T. Trial, 6/22/22, at 4). Appellant, however, refused the visit.[3] (**Id.** at 5). In response, counsel asked a corrections officer to telephone Appellant's unit, speak with Appellant, and inform him that "this case would proceed if he refused the COVID test." (**Id.**) With counsel present, the officer telephoned Appellant and informed him "that this trial would be proceeding without him should he refuse the COVID test tomorrow[.]" (**Id.**)

Trial commenced on June 22, 2022, but Appellant refused to take the COVID-19 test that morning and failed to appear. At the start of the proceedings, the court made a specific finding that Appellant's "refusal to take

_____

[2] The court subsequently noted that Appellant refused COVID-19 testing prior to the last three pretrial listings where the Sheriff's Department had been scheduled to transport Appellant to court. (**See** N.T. Trial, 6/22/22, at 3).

[3] Counsel informed the court that he had "been up to see [Appellant] before," and Appellant had "never refused" counsel's visits. (**See** N.T. Trial, 6/22/22, at 3).

the test and not be brought down was an intentional act to voluntarily absent himself from this trial." (*Id.* at 6). The court also directed defense counsel to communicate with Appellant and notify him that trial had begun, and Appellant would lose the opportunity to testify if he did not appear. (*Id.* at 8). To comply with this directive, counsel sent another letter to Appellant. (*See* Court Exhibit 2, Letter, dated 6/22/22). The letter reiterated that Appellant would need to comply with the COVID-19 testing policy if he wished to participate in the trial. (*Id.*)

Despite these warnings, Appellant failed to appear for any of the trial. (*See* N.T. Trial, 6/23/22, at 3; N.T. Trial, 6/24/22 at 3). The jury convicted Appellant of all counts on June 24, 2022. On September 7, 2022, the court imposed an aggregate sentence of twenty-three and one-half (23½) to forty-seven (47) years' incarceration. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on September 8, 2022. On September 9, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on September 13, 2022.

Appellant now raises the following issues for this Court's review:

> Whether the trial court erred in conducting [Appellant's] trial *in absentia* while he was being held in custody?
>
> A.  [Appellant's] refusal to submit to a COVID test prior to trial should not be deemed a willfully failed to appear.
>
> B.  [Appellant's] constitutional right to confront

witnesses against him at trial was violated under both the United States Constitution and Pennsylvania Constitution.

C.      [Appellant] was unable to present evidence of self-defense at trial.

Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of criminal attempt—murder … beyond a reasonable doubt?

Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of aggravated assault … beyond a reasonable doubt?

Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of firearms not to be carried w/o license … beyond a reasonable doubt?

Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of carry firearms public in Phila … beyond a reasonable doubt?

Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of [PIC] … beyond a reasonable doubt?

(Appellant's Brief at 7-8).

In his first issue, Appellant contends that the court erred in conducting a trial *in absentia* while he was being held at the county jail. Appellant alleges that his refusal to submit to COVID-19 testing was not an intentional act

- 5 -

designed to keep him from appearing at trial. Appellant insists that a trial may proceed *in absentia* only when a defendant "voluntarily, knowingly, and without justification failed to be present at the designated time and place [.]" (***Id.*** at 14). Appellant maintains that his trial should not have proceeded *in absentia* where his absence was not voluntary. Further, Appellant maintains that the court erred by depriving him of his: 1) right to confront the witnesses against him; and 2) his right to present evidence of self-defense. Appellant concludes that a new trial is warranted. We disagree.

"A defendant has an absolute right to be present at his trial. It is a right, however, which may be waived. It may be waived expressly, or waiver may be implied by a defendant's actions." ***Commonwealth v. Sullens***, 533 Pa. 99, 102, 619 A.2d 1349, 1351 (1992). "[W]hen a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried *in absentia*[.]" ***Id.*** at 104, 619 A.2d at 1352. ***See also*** Pa.R.Crim.P. 602(A) (stating: "The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence").

> Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, the defendant is expected to be present at all stages of trial. A defendant owes the court an affirmative duty to advise it if he or she will be absent. If a defendant has a valid reason for failing to appear, for example, if he or she has a medical emergency or is called to leave because of a family emergency, then the defendant can alert the court personally or through counsel of the problem. When, however, the defendant leaves the trial abruptly, without an

> explanation to either his lawyer or the court, this may be regarded as an absence without cause.

***Commonwealth v. Wilson***, 551 Pa. 593, 600, 712 A.2d 735, 738 (1998) (internal citations omitted).

Instantly, Appellant received notice of the consequences of a failure to comply with the Sheriff's Department's COVID-19 testing policy. The June 10, 2022 letter from counsel to Appellant stated: "[S]hould you refuse the covid test, the case will proceed in your absence." (Court Exhibit 1, Letter, dated 6/10/22). On June 21, 2022, counsel went to the jail to communicate this requirement in person. Appellant refused the visit, and counsel used a corrections officer to notify Appellant that trial would start without him if he failed to comply with the COVID-19 testing policy. (**See** N.T. Trial, 6/22/22, at 5). After trial commenced, counsel delivered a second letter to Appellant explaining that the trial would proceed *in absentia* if Appellant did not submit to a COVID-19 test.[4] (**See** Court Exhibit 2, Letter, dated 6/22/22). Thereafter, the Sheriff's Department offered COVID-19 testing to Appellant on each day of the trial, but Appellant refused testing and did not appear.

The court evaluated these circumstances and determined that Appellant knowingly failed to appear. (**See** Trial Court Opinion at 5). Our review of the record supports this determination. Contrary to Appellant's assertions, the

---

[4] Regarding Appellant's ability to receive this letter, counsel stated, "He'll get it. There's no reason he wouldn't get it unless he refuses the envelope." (N.T. Trial, 6/23/22, at 3).

court and counsel worked to inform Appellant of the consequences of his failure to submit to a COVID-19 test. Therefore, it was reasonable for the court to conclude that Appellant was absent from trial without cause, and Appellant voluntarily waived his right to be present. **See Wilson, supra**; **Sullens, supra**.

In his remaining issues, Appellant challenges the sufficiency of the evidence supporting his convictions. For each issue, Appellant baldly asserts that the "evidence in this case compels one to conclude that no probability of fact can be drawn in favor of meeting the elements of this crime." (Appellant's Brief at 22, 23, 24-25, 26). Appellant, however, fails to provide any additional argument discussing the elements of each offense at issue. Absent more, Appellant's sufficiency challenges are waived.[5] **See Commonwealth v. Taylor**, 277 A.3d 577, 590-91 (Pa.Super. 2022) (reiterating that failure to develop adequate argument in appellate brief may result in waiver of claim under Pa.R.A.P. 2119). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[5] The trial court also found these issues waived, albeit due to the lack of specificity in Appellant's Rule 1925(b) statement. (**See** Trial Court Opinion at 6).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/21/2023</u>