J-S36039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW JAMES HOWARD | : | |
| | : | |
| Appellant | : | No. 247 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 27, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000372-2020

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JANUARY 17, 2023**

Appellant, Matthew James Howard, appeals from the judgment of sentence of 7 to 14 years' incarceration and 1 year of probation imposed on him after he was convicted by a jury of aggravated assault serious bodily injury, aggravated assault bodily injury with a deadly weapon, simple assault, reckless endangerment, terroristic threats, and possession of an instrument of crime.[1]

This case arises out of an incident on July 24, 2020, in which Appellant stabbed another man (Victim) in the neck with a knife.  Appellant was charged

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1) and (a)(4), 2701(a)(1), 2705, 2706(a)(1), and 907(a), respectively.

with the above offenses and those charges were tried to a jury on December 20, 2021. Defendant did not appear for his trial despite having been told of the trial date and, following a one-hour delay during which counsel for Appellant repeatedly tried to reach Appellant without success, the trial court denied Appellant's counsel's request for a continuance, granted the Commonwealth's request to proceed with the trial, and proceeded with the trial in Appellant's absence. N.T. Trial at 10-12; Stipulation of Commonwealth and Appellant.

Three eyewitnesses to the incident, Victim, Victim's girlfriend and Victim's mother, testified at trial. Victim testified that he and Appellant knew each other and were not friends and that in the early evening of July 24, 2020, when Victim was outdoors talking to two of his friends and his mother, Appellant approached him and called him a racial slur. N.T. Trial at 82-87, 107-09. Victim testified that he responded verbally, asking why Appellant was saying that, and that Appellant pulled out a pocket knife, pointed it at Victim, and said to Victim "I'm going to f[—]king kill you" or "I'm going to f-ing stab you." *Id.* at 86-88, 106, 109-10. Victim testified that he stepped back when he saw the knife and Appellant then threw a drink at him and stabbed him in the neck. *Id.* at 86-93, 114. Victim testified that after Appellant stabbed him, he punched Appellant in the face to prevent Appellant from attacking him again and that Appellant smiled and ran away. *Id.* at 91-92. Victim testified that he did not have any gun, knife, or other weapon on him when Appellant

attacked him and did not say to Appellant at any time during the encounter that he had any weapon. ***Id.*** at 89.

Victim's girlfriend testified that she was 10 or 15 feet away at the time when the incident began and that she saw Appellant cross the road and walk up to Victim and heard Appellant and Victim arguing, although she did not know what was said by either Appellant or Victim. N.T. Trial at 134-37, 144-47, 149-50. Victim's girlfriend testified that she saw Appellant move his arm toward Victim and throw a drink at Victim and then saw Victim bleeding from the neck and soaked in blood. N.T. Trial at 135, 137-38, 146-48. Victim's girlfriend testified that she asked Appellant if he just stabbed Victim and that Appellant ran away smiling and said nothing. ***Id.*** at 135, 139. Victim's mother testified that while she was standing talking with one of Victim's friends, a family friend, and Victim, Appellant came up and bumped Victim in the shoulder. ***Id.*** at 152-57, 161-63. Victim's mother testified that Appellant pushed Victim and Victim pushed Appellant back and that Appellant said "I'm going to f-ing kill you." ***Id.*** at 154, 156-57, 164-66. Victim's mother testified that Appellant then came at Victim with something in his hand and she saw blood all over Victim's shirt and blood spurting from Victim's neck. ***Id.*** at 154-59, 164-66. Victim's mother testified that the only thing she recalled Victim saying to Appellant during the encounter was "Not right now." ***Id.*** at 157-58, 162-64, 169.

Appellant's counsel presented no witnesses and introduced no exhibits in evidence.  N.T. Trial at 195-96.  At the close of the evidence, Appellant's counsel requested that the jury be instructed on self-defense, the defense of justification.  *Id.* at 197-201.  The trial court denied this request on the ground that there was no evidence that supported this defense because it was undisputed that Appellant provoked the incident and that Appellant could have left if he was concerned for his safety.  *Id.* at 205-07.  The trial court in its charge instructed the jury that the defense of justification as matter of law was not legally supported and could not be considered.  *Id.* at 228. Appellant's counsel timely objected to the trial court's failure to instruct the jury that it could find Appellant not guilty based on the justification defense. *Id.* at 206, 238.

On December 20, 2021, the jury found Appellant guilty of all six charges. N.T. Trial at 242-43; Verdict Sheet.  Because Appellant had failed to appear for trial, a bench warrant was issued on December 21, 2021 and Appellant was apprehended on this bench warrant on January 11, 2022.  Trial Court Opinion at 2.  On January 27, 2022, the trial court sentenced Appellant in this case to 7 to 14 years' incarceration plus 1 year of probation pursuant to 61 Pa.C.S. § 6137.2 for aggravated assault serious bodily injury and imposed concurrent sentences of 2 to 4 years' incarceration for aggravated assault bodily injury with a deadly weapon and 1 to 2 years' incarceration for each of the other four convictions, simple assault, reckless endangerment, terroristic

J-S36039-22

threats, and possession of an instrument of crime. N.T. Sentencing at 14-16; Sentencing Order.[2] This timely appeal followed.

Appellant presents the following two issues for our review:

(1) Did the trial Court err in granting the Commonwealth's request to proceed to trial in absentia on December 20, 2021?

(2) Did the trial Court err in denying the request of defense counsel to instruct the jury on the issue of self-defense?

Appellant's Brief at 6 (suggested answers omitted). Neither of these issues merits relief.

A defendant has a constitutional right to be present at his trial. *Commonwealth v. Wilson*, 712 A.2d 735, 737 (Pa. 1998); *Commonwealth v. Sullens*, 619 A.2d 1349, 1351 (Pa. 1992); *Commonwealth v. Kelly*, 78 A.3d 1136, 1141 (Pa. Super. 2013), *overruled on other issue*, *Commonwealth v. King*, 234 A.3d 549 (Pa. 2020). A defendant in a non-capital case, however, may waive this right, either expressly or implicitly by his actions. *Wilson*, 712 A.2d at 737; *Sullens*, 619 A.2d at 1351; *Kelly*, 78 A.3d at 1141. Where the defendant has notice of the trial date and fails to appear, the court may properly find that he voluntarily waived his right to be present and may proceed to try him *in absentia*, unless there is cause for his absence. *Sullens*, 619 A.2d at 1352-53; *Kelly*, 78 A.3d at 1140-44;

---

[2] The trial court also imposed a consecutive sentence of 1 to 2 years' incarceration for an offense to which Appellant pled guilty in another criminal docket. N.T. Sentencing at 15; Sentencing Order.

- 5 -

*Commonwealth v. Johnson*, 734 A.2d 864, 866-69 (Pa. Super. 1999). Where a defendant refuses to remain in contact with his counsel, there is a presumption that his failure to appear is without cause. *Kelly*, 78 A.3d at 1144.

Here, the record at the time of trial showed that Appellant had notice of the December 20, 2021 trial date. Appellant's counsel represented to the court that he had advised Appellant that the trial was scheduled for December 20, 2021 and that Appellant had to be at the courthouse for trial at 8:00 a.m. that morning. N.T. Trial at 10-11; Stipulation of Commonwealth and Appellant. In addition, Appellant's counsel advised the trial court that he knew of no reason that Appellant was unable to appear and represented that he was unable to reach Appellant despite numerous efforts to contact him through all of the contact numbers that Appellant had given his office. N.T. Trial at 11-12; Stipulation of Commonwealth and Appellant. After a delay of the start of trial until 9:30 a.m. to permit Appellant's counsel to further attempt to find Appellant, Appellant's counsel remained unable to reach Appellant, Appellant still had not appeared for his trial, and there was no indication that there was any reason for Appellant's absence other than his choice not to appear. N.T. Trial at 10-12; Stipulation of Commonwealth and Appellant. Given these facts, the trial court properly concluded that Appellant had notice of his December 20, 2021 trial and that his failure to appear was knowing and voluntary. The trial court therefore did not err in proceeding with the trial in Appellant's

absence. *Sullens*, 619 A.2d at 1352-53; *Commonwealth v. Turner*, No. 1393 MDA 2020, slip op. at 7-8 (Pa. Super. filed June 29, 2021) (non-precedential decision); *Commonwealth v. Percha*, No. 215 WDA 2020, slip op. at 5-7 (Pa. Super. filed August 26, 2020) (non-precedential decision).

Appellant argues that the Commonwealth did not meet its burden of showing that Appellant waived his right to be present at trial because it did not before trial proceeded affirmatively show the reason for Appellant's absence. We do not agree. Where the record at the time of trial shows that the defendant was notified of the trial date and there is no suggestion or basis to conclude that the defendant's absence was involuntary or for a reason that would justify his failure to appear, the trial court may properly proceed with trial despite the defendant's absence without affirmative proof as to the reason for the defendant's absence, subject to the possibility that defendant may be entitled to a new trial if it is later determined that there was cause for his failure to appear. *Sullens*, 619 A.2d at 1352-53; *Percha*, slip op. at 5-7.

Moreover, in determining whether trial *in absentia* constitutes reversible error that entitles a defendant to a new trial, we are not limited to examining the record at the time that trial proceeded and must affirm if the entire record before us, including evidence from subsequent hearings, shows that the defendant's absence was without cause. *Sullens*, 619 A.2d at 1352-53; *see also Johnson*, 734 A.2d at 866-67. That record shows that there was no cause for Appellant's failure to appear. Appellant admitted at his bench

warrant hearing on January 11, 2022 that there was nothing that prevented him from being present for his trial and that the only reason for his absence was his decision to not appear for his trial "because I was high and I was scared." N.T. Bench Warrant Hearing at 3.

In his remaining issue, Appellant contends that the trial court erred in not permitting the jury to consider the defense of justification. That argument likewise fails.

Justification is a defense to a charge involving use of deadly force by a defendant who is not in his home or place of work only if all of the following elements are present: 1) the defendant reasonably believed that he was in imminent danger of death, serious bodily injury, kidnapping, or sexual assault and that it was necessary to use deadly force to prevent such harm; 2) the defendant did not provoke that threat or danger; and 3) the defendant could not safely retreat. 18 Pa.C.S. § 505(b)(2); *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017); *Commonwealth v. Smith*, 97 A.3d 782, 786-87 (Pa. Super. 2014). Where sufficient evidence of self-defense is introduced at trial, the burden is on the Commonwealth to disprove at least one of these elements. *Commonwealth v. Steele*, 234 A.3d 840, 846 (Pa. Super. 2020); *Miller*, 172 A.3d at 640; *Smith*, 97 A.3d at 787. A jury instruction on justification, however, is required only where there is evidence at trial that supports all three elements of the defense. *Commonwealth v.*

**Green**, 273 A.3d 1080, 1085-87 (Pa. Super. 2022); **Commonwealth v. Hansley**, 24 A.3d 410, 420-21 (Pa. Super. 2011).

As the trial court correctly held, N.T. Trial at 205-07; Trial Court Opinion at 7-8, there was no evidence at trial to support at least two of the elements of a justification defense, absence of provocation by defendant and inability to safely retreat. All three eyewitnesses testified that Appellant went out of his way to initiate the contact and confrontation with Victim by crossing the street and approaching Victim. N.T. Trial at 84, 86-87, 104-07, 122, 134-37, 144-46, 153-56, 162. The testimony concerning what was said by Appellant and Victim before the attack was that Appellant called Victim a racial slur and threatened to kill or stab him and that Victim did not threaten Appellant. **Id.** at 86-89, 105-10, 116-18, 154, 156-57, 162-67, 169. In addition, the witnesses to the incident testified that before Appellant stabbed him, Victim either had no physical contact with Appellant at all or, at most, gestured with his arm to wave Appellant off and pushed Appellant after Appellant pushed him. **Id.** at 89-90, 113, 135, 148-50, 154, 157, 164-67.

There was also no evidence that would permit a conclusion that Appellant could not have safely retreated if he felt threatened by Victim. The encounter was on a public street, the evidence was undisputed that no one blocked Appellant's ability to walk away, and there was no evidence that Victim was armed or that Appellant had any reason to believe that Victim was armed. N.T. Trial at 83-87, 89-90, 96-97, 134-35, 152-54. While there was

evidence that one or two people chased Appellant when he ran away after stabbing Victim and that Appellant escaped into a nearby business, *id.* at 91-92, 129-30, 166, 169, the mere fact that people pursue the defendant after he has committed a serious assault does not support an inference that anyone would pursue him, harm him, or interfere with his retreat if he simply walked away without physically harming anyone.

Appellant contends that there was evidence supporting his self-defense claim because Victim allegedly swung a fist at Appellant before Appellant stabbed him. This argument is without merit for two reasons. First, there was no evidence of that alleged fact at trial. Appellant's argument is based solely on a prior out-of-court statement by Victim's mother that his counsel used cross-examining her, not on the testimony that she gave at trial, in which she denied that Victim swung at Appellant before Appellant stabbed him. N.T. Trial at 167-68, 191-93. A prior out-of-court statement of a witness is admissible to impeach the witness's credibility and not as substantive evidence, unless the statement was given under oath, is a writing signed by the witness, or is a verbatim electronic recording of the witness's statement, or the witness has no recollection of the events as to which she is called to testify. Pa.R.E. 613(a)-(b), 803.1. Neither of those requirements was satisfied here, as the statement in question was an oral statement of Victim's mother to a police officer that the police officer set forth in his report, N.T. Trial at 191-93, not an electronically recorded statement or a written

statement signed by Victim's mother, and Victim's mother had sufficient memory of the events to which she testified to testify based on her recollection at the time of trial. Indeed, neither this statement nor any other prior statement of any witness was even admitted in evidence. N.T. Trial at 195-96, 202.

Second, even if this allegation were considered, it would not change the fact that there was no evidence that Appellant could not have safely retreated. Because at least one of the three elements of the justification defense would remain unsupported, there was no basis to permit the jury to consider the defense of justification even if there were evidence that Victim had swung his fist at Appellant before Appellant stabbed him.

Because the trial court did not err in proceeding with Appellant's trial after he chose not to attend and there was no basis for a jury instruction on justification, both of Appellant's issues in this appeal fail. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/17/2023