J-S17043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TREMAYNE SPILLMAN | : | |
| | : | |
| Appellant | : | No. 1298 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 5, 2022
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001255-2021

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                 **FILED: July 7, 2023**

Appellant, Tremayne Spillman, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions for persons not to possess firearms and receiving stolen property ("RSP").[1]  We affirm.

The trial court opinion set forth some of the relevant facts of this case as follows:

> On May 22, 2021, Pennsylvania State Troopers were dispatched to Adolph's Tavern, Masontown, Fayette County for a report of a man brandishing a gun inside the bar. David Cogar testified that Appellant was at the bar that night with another man.  Cogar, a bartender, approached the two men asking if they needed anything else when he heard a "clicking noise" as if a gun was ejecting the shell.  Appellant pointed a gun at Cogar then spun around in his seat and pointed it at the Disc Jockey booth.  An altercation ensued

---

[1] 18 Pa.C.S.A. §§ 6105; 3925, respectively.

between the Disc Jockey, Appellant and David Cogar which led to Appellant being disarmed.  Cogar threw the firearm into a garbage can inside the bar where it was recovered by Troopers.  Appellant was removed from the bar.

Troopers located Appellant and detained him.  Trooper Strini testified that Appellant was taken to the barracks and read his **Miranda**[2] rights.  When interviewed by Troopers Appellant told the Troopers that he possessed a gun on the night in question which he purchased from an individual named "Quami" who sold it to him for Two Hundred Dollars ($200.00).  During his interview, Appellant said he knew that Quami was going to report the firearm as stolen, and that he knew he was a felon who is not allowed to possess firearms.  When Troopers ran an eTrace on the firearm it was reported stolen on May 22, 2021.

(Trial Court Opinion, filed 1/10/23, at 2-3) (record citations omitted).

Specifically, the eTrace revealed that someone reported the firearm stolen six

to eight hours prior to the incident at Adolph's Tavern.  The eTrace also listed

Zetta Nicholson as the firearm owner.  Zetta Nicholson is Quami's significant

other.  Appellant claimed that Quami planned to report the firearm as stolen

two days after Appellant purchased it to collect insurance money.

Procedurally:

A jury trial began on June 6, 2022, with Appellant present, however Appellant left trial after opening statements and never returned nor could he be contacted.  The trial continued in his absence.  The jury found Appellant guilty of one count of [persons not to possess firearms] and one count of [RSP].  Appellant was finally located on October 3, 2022, and on October 5, 2022, Appellant was sentenced on his conviction of [persons not to possess firearms] to a period [of] incarceration not less than eighty-four (84) months nor more than 18 years.  [The court imposed no

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

further penalty on the RSP conviction].

(*Id.* at 1-2). Appellant timely filed a post-sentence motion on October 12, 2022. On October 18, 2022, the court denied the post-sentence motion. Appellant timely filed a notice of appeal on October 31, 2022. On November 1, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained on of appeal. Following the grant of an extension of time, Appellant timely complied on December 8, 2022.

On appeal, Appellant raises the following issues for our review:

The evidence was insufficient to sustain a conviction and sentence for [RSP].

[Appellant] was denied a fair trial *in absentia*.

(Appellant's Brief at 2).

In his first issue, Appellant argues the Commonwealth did not establish the necessary *mens rea* for his RSP conviction. Specifically, Appellant avers the Commonwealth failed to prove Appellant knew or had reason to know that the firearm was stolen to establish the "guilty knowledge" element of the crime. Appellant insists he purchased the gun from Quami for $200.00, two days prior to the incident at Adolph's Tavern. Appellant claims Quami told him that Quami planned to report the gun as stolen two days later to receive insurance money. Therefore, Appellant posits that at the time he purchased the firearm, it was not stolen. Appellant concludes the Commonwealth presented insufficient evidence to sustain his RSP conviction, and this Court

must reverse his conviction and vacate the judgment of sentence.[3] We

disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard

of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the Appellant's

---

[3] Appellant also argues the court should have bifurcated the charges in this case because the disclosure of Appellant's prior conviction, which the Commonwealth introduced relative to his persons not to possess firearms charge, prejudiced the jury regarding his RSP charge. Nevertheless, Appellant concedes that he did not file a motion for severance in the trial court (**see** Appellant's Brief at 10 n.7), and he raises this claim for the first time on appeal. Consequently, this issue is waived, and we will give it no further attention. **See** Pa.R.A.P. 302(a) (stating issues not raised in trial court are waived and cannot be raised for first time on appeal).

convictions will be upheld.

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-37 (Pa.Super. 2019)

(quoting ***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa.Super.

2013)).

The Crimes Code defines the offense of RSP, in relevant part, as follows:

**§ 3925.  Receiving Stolen Property**

**(a)  Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a).  "[T]o establish the *mens rea* element of the crime of

[RSP], the Commonwealth must prove that the accused possessed property

with 'guilty knowledge,' *i.e.*, knowing that it has been stolen, or believing that

it has probably been stolen." ***Commonwealth v. Newton***, 994 A.2d 1127,

1132-33 (Pa.Super. 2010).  "A person 'knows' that goods are stolen if he is

'aware' of that fact." ***Id.*** at 1132.  Regarding the latter part of the test, "it is

clear that [the statute] is designed to criminalize situations where the

defendant does not know for certain that the goods are stolen, but

nevertheless has: (1) considered the possibility that the goods are stolen and

(2) concluded that the answer is at the very least, 'probably.'" ***Id.***

The Commonwealth may establish a defendant's "guilty knowledge" by

wholly circumstantial evidence. ***Id.***  "Often, intent cannot be proven directly

but must be inferred from examination of the facts and circumstances of the

case." ***Id.*** In evaluating "guilty knowledge," this Court has explained:

> **A permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods without infringing upon an accused's right of due process or his right against self-incrimination, as well as other circumstances, such as the accused's conduct at the time of arrest**. Nonetheless, the mere possession of stolen property is insufficient to prove guilty knowledge, and the Commonwealth must introduce other evidence, which can be either circumstantial or direct, that demonstrates that the defendant knew or had reason to believe that the property was stolen. This additional evidence can include the nature of the goods, the quantity of the goods involved, the lapse of time between possession and theft, and the ease with which the goods can be assimilated into trade channels. Further, whether the property has alterations indicative of being stolen can be used to establish guilty knowledge. **Finally, even if the accused offers an explanation for his possession of stolen property, the trier of fact may consider the possession as unexplained if it deems the explanation unsatisfactory**.

***Commonwealth v. Parker***, 847 A.2d 745, 751 (Pa.Super. 2004) (quoting ***Commonwealth v. Foreman***, 797 A.2d 1005, 1012-13 (Pa.Super. 2002)) (internal citations omitted) (emphasis added). "Any or all of the above circumstances, and others not enumerated, taken sometimes alone and sometimes in relation to each other, may give rise to the final necessary inference that the [defendant] knew that the property possessed was stolen property." ***Commonwealth v. Campbell***, 334 A.2d 735, 738 (Pa.Super. 1975).

Significantly, when the Commonwealth "establishes the recency of the theft, we have upheld convictions for [RSP]." ***Commonwealth v. Robinson***,

- 6 -

128 A.3d 261, 268 (Pa.Super. 2015) (*en banc*). "Whether possession is recent, and how recent it is, are normally questions of fact for the trier of fact." ***Commonwealth v. Hogan***, 468 A.2d 493, 497-98 (Pa.Super. 1983) (*en banc*). "[W]hether possession of goods is unexplained is also a question of fact." ***Id.*** at 496.

Instantly, Trooper Strini testified at trial that someone reported the firearm stolen six to eight hours before police discovered Appellant in possession of the firearm at Adolph's Tavern. Thus, the record makes clear Appellant was in possession of recently stolen goods at the time of his apprehension. ***See Parker, supra***. Trooper Strini further testified that Zetta Nicholson was the owner of the firearm, and that Quami is Zetta Nicholson's significant other.

Appellant attempted to explain his possession of the firearm by claiming that he purchased it from Quami approximately two days earlier for $200.00, and that Quami had planned to report the gun as stolen two days later to obtain insurance money. Appellant did not inform the trooper about whether Quami was in possession of the gun with the owner's permission. Additionally, no evidence adduced at trial corroborated Appellant's version of events. Under these circumstances, the jury heard Appellant's explanation regarding his possession of the firearm, and it was within the jury's purview to reject the explanation as unsatisfactory and to deem Appellant's possession as unexplained for purposes of considering his guilty knowledge. ***See id.*** Thus,

the jury was free to draw a permissible inference of Appellant's guilty knowledge from his unexplained possession of recently stolen goods, and his first issue on appeal merits no relief. *Id.*

In his second issue, Appellant argues that several witness identifications of Appellant that took place during trial were unfair and improper when Appellant was absent from the courtroom. Appellant admits that he was present for jury selection, but he complains that the witnesses' brief observations of him during that time were insufficient to positively identify Appellant for the jury. Appellant claims that one of the Commonwealth's witnesses, David Cogar, identified Appellant from the bar on the night in question and stated that Appellant has a "Spillman" tattoo, even though Appellant insists he does not have the tattoo. Appellant also challenges the Commonwealth's presentation of Appellant's driver's license to the jury, from which Trooper Strini identified Appellant. Appellant maintains that the Commonwealth presented no evidence to verify that the driver's license displayed for the jury accurately depicted Appellant.

For these reasons, Appellant insists the court should have provided additional jury instructions about the witness identifications in this case. Specifically, Appellant claims the court should have cautioned the jury about the reliability of the witnesses' identification of Appellant given Appellant's

absence from trial.[4]  Appellant concedes that defense counsel did not seek additional jury instructions regarding witness identification, but he suggests that the court should have done so *sua sponte*.  Under these circumstances, Appellant concludes that this Court should vacate and remand for a new trial.  We disagree.

Initially, we observe: "A defendant has an absolute right to be present at his trial.  It is a right, however, which may be waived.  It may be waived expressly, or waiver may be implied by a defendant's actions." **Commonwealth v. Sullens**, 533 Pa. 99, 102, 619 A.2d 1349, 1351 (1992). "[W]hen a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried *in absentia*[.]"  **Id.** at 104, 619 A.2d at 1352.  **See also** Pa.R.Crim.P. 602(A) (stating: "The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence").

> Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, the defendant is expected to be present at all stages of trial.  A defendant owes the court an affirmative duty to advise it if he or she will be absent.  If a defendant has a valid reason

---

[4] Appellant cites to **Commonwealth v. Kloiber**, 378 Pa. 412, 106 A.2d 820 (1954).  "A **Kloiber** instruction informs the jury that an eyewitness identification should be viewed with caution when either the witness did not have an opportunity to view the defendant clearly, equivocated on the identification of the defendant, or has had difficulty identifying the defendant on prior occasions."  **Commonwealth v. Sanders**, 42 A.3d 325, 332 (Pa.Super. 2012), *appeal denied*, 621 Pa. 702, 78 A.3d 1091 (2013).

for failing to appear, for example, if he or she has a medical emergency or is called to leave because of a family emergency, then the defendant can alert the court personally or through counsel of the problem. When, however, the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause.

*Commonwealth v. Wilson*, 551 Pa. 593, 600, 712 A.2d 735, 738 (1998) (internal citations omitted). Additionally, the failure to request a jury instruction at the appropriate time of trial renders a complaint about the court's failure to issue the instruction waived on appeal. *See Commonwealth v. Pressley*, 584 Pa. 624, 628-29, 887 A.2d 220, 222-23 (2005).

Instantly, the trial court explained:

Appellant was present for the jury selection process and opening statements. Then Appellant failed to return after lunch. The [c]ourt gave defense counsel time to contact Appellant with no avail. Clearly, Appellant had waived his right to be present at trial by voluntarily absenting himself after the beginning of his trial without cause.

Appellant further argues that he was not afforded a fair trial *in absentia*. Specifically, Appellant raises two issues, (1) that the in-court identification by the witnesses was unfair and (2) that the judge improperly commented on the absence of the Appellant during the trial.[5]

The crux of Appellant's argument regarding in court identification is that "[t]rial unfairness exists if a defendant is identified at trial by a witness pointing to an empty chair due to [Appellant's] absence from the trial."

However, Appellant, who was at liberty on bail, absconded

---

[5] Appellant has abandoned the latter argument on appeal.

from the trial and is now trying to benefit from his voluntary absence on appeal. The Commonwealth witnesses who were present for the beginning of the trial were able to identify Appellant from the beginning of the trial and their experience with him on the night in question. Trooper Strini was not present for the beginning of trial, so the Commonwealth presented him with a photocopy of Appellant's driver license photo for identification. Therefore, with the benefit of two of the witnesses and the jury seeing Appellant before he absented himself the in-court identification was proper.

(Trial Court Opinion at 4-5). We agree with the court's analysis.

Here, Appellant told defense counsel that Appellant was leaving trial after jury selection to locate a witness. Appellant failed to return. Defense counsel said he was unable to contact Appellant because Appellant's phone was broken. (**See** N.T. Trial, 6/6/22, at 13). At the sentencing hearing, Appellant stated: "I got scared, Your Honor. I went to see my daughter. There's no excuse for me not coming back [to trial]." (N.T. Sentencing Hearing, 10/18/22, at 1). Under these circumstances, we agree with the court that Appellant voluntarily waived his right to be present at trial. **See Sullens, supra**. Although Appellant now complains about the various in-court identifications of Appellant, it was Appellant's voluntary absence from trial that caused the court to use other means for the witnesses to identify Appellant in his absence. Further, defense counsel posed no objection to any witness identification of Appellant at trial. **See Commonwealth v. Gray**, 867 A.2d 560 (Pa.Super. 2005), *appeal denied*, 583 Pa. 694, 879 A.2d 781 (2005) (explaining that to preserve claim for review, defendant must make timely

and specific objection to introduction of challenged evidence at trial).

Regarding Appellant's request for a specific jury instruction, the trial court explained:

> The [c]ourt requested proposed jury instructions from both sides. However, none were given. The [c]ourt asked Counsel if they had anything to add before the charge was given to the jury. Also, after charging the jury [the court] asked if Counsel had anything they wished to include before the jury was dismissed to deliberate. Neither counsel requested to include any additional jury instruction or objected to any of the standard jury instructions given. Therefore, the issue has been waived.

> * * *

> The [c]ourt utilized the Pennsylvania standard jury instructions regarding determining the credibility and reliability of witnesses who testify. Therefore, even if not waived, this issue is without merit.

(Trial Court Opinion at 7-8). We agree with the court's analysis. Appellant's failure to request a specific jury instruction renders waived his complaint that the court failed to issue such an instruction.[6] *See Pressley, supra*. Therefore, Appellant's second issue on appeal merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

_____

[6] Moreover, Trooper Strini testified that Appellant acknowledged possessing a firearm on the night in question. (*See* N.T. Trial, 6/6/22, at 74-75). Thus, there was other evidence adduced at trial aside from the witnesses' identification of Appellant as the person who possessed the firearm in the bar to establish Appellant's possession of the firearm.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2023