J-S71010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PATRICIA NORTON :
:
Appellant : No. 138 EDA 2019

Appeal from the Order Entered March 31, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002388-2013

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: Filed: July 23, 2020

Patricia Norton appeals from her March 31, 2015 judgment of sentence, which was imposed *in absentia*.[1] We vacate Appellant's judgment of sentence and remand for resentencing.

On January 4, 2013, Appellant cursed at, punched, and then knocked over Victoria Brown (the "victim") on the steps of the SEPTA[2] station located in the 1200 block of Broad Street in Philadelphia. She continued to strike the victim until a third person intervened. Appellant was subsequently arrested and charged with aggravated assault, simple assault, and recklessly endangering another person ("REAP").

_____

[1] Appellant's appeal is timely filed as she obtained reinstatement of her direct appeal rights *nunc pro tunc* on December 10, 2018, through the PCRA.

[2] SEPTA is the acronym for the Southeastern Pennsylvania Transit Authority, the public transportation authority that operates buses, rapid transit, commuter rail, and light rail in Philadelphia and four surrounding counties.

Prior to trial, the court ordered a psychiatric examination to assess Appellant's competency. Following a determination that she was competent to stand trial, the trial court found her guilty of all charges on December 15, 2014. Appellant's sentencing was deferred until March 6, 2015, to permit a Forensic Intensive Recovery[3] ("FIR") evaluation and pre-sentence report.

On the scheduled sentencing date, the Commonwealth was granted a continuance due to the unavailability of the victim. Appellant also did not appear on that date, and thus, the Commonwealth requested that the trial court issue a bench warrant to secure her appearance for the rescheduled hearing on March 30, 2015. Defense counsel accepted service of the warrant on behalf of his client. On March 30, 2015, Appellant did not appear. Counsel represented to the court that he sent letters to her, and attempted to email and call her, but that he had not received any response. Counsel for the Commonwealth requested another bench warrant, and that Appellant be sentenced *in absentia*. In support of the latter, the Commonwealth asked for "a little bit of time" to enable its detectives to make the necessary checks. N.T., 3/30/15, at 4. Defense counsel had no objection to the issuance of a bench warrant, but opposed the Commonwealth's request that his client be sentenced *in absentia*. The court initially indicated that it would issue the

_____

[3] FIR is a prison deferral initiative in Philadelphia that conducts comprehensive behavioral health assessments upon eligible participants and offers substance abuse treatment in lieu of incarceration.

bench warrant, and the Commonwealth objected, insisting that this was Appellant's second failure to appear. The court then continued the sentencing to permit the Commonwealth to complete the appropriate checks, "hopefully . . . in an hour." *Id*. Following a recess, the hearing resumed. The Commonwealth represented that its witnesses could be ready to testify regarding "an *absentia* matter" later that morning, but the trial court scheduled it for 9:00 a.m., the next morning.

On March 31, 2015, the court heard testimony from Police Officer Tanisha Rosaro regarding the Commonwealth's efforts that morning to locate Appellant. N.T., 3/31/15, at 5. The police officer testified that she checked the morgue and various hospitals "with negative results." *Id*. She also confirmed that Appellant was not in custody. *Id*. The officer represented that she could not find a current address for Appellant. *Id*. The Commonwealth asked the court to find that Appellant willfully failed to appear for her sentencing and proceed *in absentia* because she failed to appear on March 6, 2015, despite notice of the sentencing hearing; failed to appear on March 30, 2015, in response to a bench warrant *nunc pro tunc*; and that the police officer's check of hospitals, the prison, and the medical examiner's office failed to locate her. *Id*. at 7.

Defense counsel reminded the court that Appellant had low cognitive capacity. He pointed out that she was in and out of different facilities both prior to and following surgery for a brain tumor, as there was a concern that

she was a danger to herself. *Id*. at 13. He argued that her non-appearance was involuntary in light of this history.

The trial court re-examined the record to verify that Appellant had received notice of the original sentencing date. The record reflected that, on February 12, 2015, Appellant was ordered to comply with the FIR program and keep attending Parkside Recovery as a condition of her bail. *Id*. at 10. The court ruled that since Appellant did not appear on March 6, 2015, in response to a subpoena, or on March 30, 2015, in response to a bench warrant her counsel accepted on her behalf, the Commonwealth would be permitted to proceed *in absentia*.

The Commonwealth introduced impact testimony from the victim, and recommended that Appellant be sentenced to three to six years of incarceration followed by five years of reporting probation. *Id*. at 19. Defense counsel asked for a mitigated sentence, noting that Appellant had a prior record score of zero, she suffered from a brain tumor when she perpetrated the unprovoked attack on the victim, she had pre-existing mental health issues, and she had not been arrested or in trouble since her release almost two years before. The Commonwealth argued that Appellant was smarter than portrayed and that she "did not care enough to appear for her sentencing." *Id*. at 25.

The court sentenced Appellant *in absentia* to the term recommended by the Commonwealth on the aggravated assault charge. It acknowledged that

the simple assault conviction merged, and stated that it was not imposing any additional sentence for REAP.

Appellant's counsel filed a post-sentence motion the next day. In that motion, counsel averred that his client's participation in the court-ordered recovery program explained her failure to appear in court on March 6, 2015. Her counselor at Parkside-Frankford confirmed that Appellant was attending group therapy three times per week, and individual counseling once per week, and that she was present at an orientation program on March 6, 2015. Appellant pled that she mistakenly assumed that her attendance in the court-ordered program took precedence over her appearance in court on that date. Under the circumstances, Appellant maintained that it was an error or abuse of discretion to sentence her *in absentia*. The motion was denied by operation of law.

Appellant appealed on August 13, 2015, and was ordered to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. No statement was filed. In its January 29, 2016 opinion, the court maintained that all of Appellant's claims were waived and that her appeal should be dismissed for failure to file a Rule 1925(b) statement. On April 21, 2016, this Court dismissed the appeal for failure to file a brief.

On July 24, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed, and filed an amended petition on her behalf. On December 10,

2018, the PCRA court ordered reinstatement of Appellant's direct appeal rights and afforded her counsel the opportunity to file a Rule 1925(b) statement.

Appellant presents one issue for our review: "Did the sentencing court deny Appellant her constitutional right to due process under the United States and Pennsylvania Constitutions when the court, over objection, sentenced Appellant on March 31, 2015, without Appellant being present?" Appellant's brief at 2.

Appellant alleges a violation of her right to be present in the courtroom at every stage of a criminal trial. As our High Court reaffirmed in **Commonwealth v. Tharp**, 101 A.3d 736, 762 (Pa. 2014), that right, while not absolute, is guaranteed by Article I, § 9 of the Pennsylvania Constitution and Pa.R.Crim.P. 602. We review such claims *de novo*, and our scope of review is plenary. **See Commonwealth v. Tejada**, 161 A.3d 313 (Pa.Super. 2017).

Pa.R.Crim.P. 602(A) provides that "[t]he defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence," except in circumstances not present here. When a defendant is absent, the Commonwealth has the burden of proving by a preponderance of the evidence that the absence is willful. **Commonwealth v. Decosta**, 197 A.3d 813 (Pa.Super. 2018); **see also Commonwealth v. Kelly**, 78 A.3d 1136, 1139-40 (Pa.Super. 2013) (citing **Commonwealth v. Scarborough**, 421 A.2d 147 (Pa. 1980) (holding

that when a constitutional right is waived, the Commonwealth must show by a preponderance of the evidence that the waiver was voluntary, knowing, and intelligent)).

Appellant contends that the Commonwealth did not prove by a preponderance of the evidence that she willfully failed to attend her sentencing, and that court erred in sentencing her *in absentia*. She argues that the Commonwealth did not establish that she was repeatedly absent or that, given her individual circumstances, she made a knowing and intelligent decision to abscond. Moreover, she faults the Commonwealth for its halfhearted attempt to locate her.

The Commonwealth concedes that it did not meet its burden, and urges this Court to vacate judgment of sentence and remand for resentencing. Commonwealth's brief at 10. No attempt was made to locate Appellant where she was known to reside or likely to be found. *Id*. Furthermore, its one attempt to locate Appellant, over a two or three hour span, and limited to checking local hospitals, the jail, and the morgue, was inadequate to justify sentencing anyone *in absentia*, especially "a person with [Appellant]'s mental illness, substance abuse problems, cognitive impairments, and apparent lack of notice of her hearing." *Id*.

The Commonwealth acknowledges that the facts herein contrast sharply with those in ***Commonwealth v. Hill***, 737 A.2d 255, 262 (Pa. 1999), where "numerous attempts" were undertaken to find the appellant before the court

sentenced him *in absentia*.  **See also Commonwealth v. King**, 695 A.2d 412 (Pa.Super. 1997 ) (trial in *absentia* proper where defendant failed to appear four times over seven months).  Moreover, in determining that Appellant knew and voluntarily waived her constitutional right to be present at sentencing, the Commonwealth and the court largely ignored Appellant's intellectual disability, mental health issues, and her recent surgery for the removal of a brain tumor, considerations that tended to undermine that notion.

The situation herein is factually distinguishable from that in **Commonwealth v. Williams**, 2019 Pa. Super. Unpub. LEXIS 4489 *(Pa.Super. Dec. 4, 2019) (unpublished memorandum), where we upheld the sentencing of the appellant *in absentia*.  Williams was given bail with the express condition that he complete a self-help drug treatment program.  He received notice of his sentencing hearing and knew he was required to be present.  It was undisputed that he absconded from the drug treatment facility within three hours of his admission, and had no valid reason for doing so, or failing to appear at his scheduled sentencing.

After a thorough review of the record, we agree that the Commonwealth failed to establish by a preponderance of the evidence that Appellant willfully absented herself from the sentencing proceeding.  It was unclear whether she had actual notice of the date of the rescheduled sentencing.  Additionally, the two or three hours spent by the Commonwealth to locate her were limited to ruling out that she was hospitalized, in jail, or deceased.  No attempt was

made to contact her family or her last known residences to locate her. Despite knowledge that she had been accepted into a recovery program, the Commonwealth did not attempt to contact the program to ascertain her status and whereabouts. Absent herein is proof that would support a reasonable inference that Appellant knowingly and willfully failed to appear at her sentencing, and justify imposing sentence *in absentia*. We commend the Commonwealth for its candor to this Court in acknowledging that fact.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/20