**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALISSA ANN WHITMORE | : | |
| | : | |
| Appellant | : | No. 1121 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 6, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0007822-2019

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:              **FILED: SEPTEMBER 26, 2023**

Alissa Ann Whitmore (Appellant) appeals from the judgment of sentence imposed after the trial court convicted her of unsworn falsification and providing a materially false written statement.[1]  We affirm.

On July 1, 2019, Appellant unsuccessfully sought to purchase a firearm at Freedom Armory, where she produced her driver's license for identification. Trial Court Opinion, 9/13/22, at 2.  Freedom Armory provided Appellant with Alcohol, Tobacco, and Firearms (ATF) Form 4473, but Appellant failed to fully complete and sign the form.  N.T., 3/22/22, at 23.  Appellant told a Freedom Armory employee she did not want to answer questions or sign the form

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4904(b) and 6111(g)(4)(ii).

because she was afraid "she would be arrested." ***Id.*** However, Appellant returned to Freedom Armory ten days later, on July 11, 2019, and completed ATF Form 4473. Trial Court Opinion. 9/13/22, at 1. The form included the following question:

> Have you ever been convicted of any count of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

***Id.*** (quotation marks and citation omitted, emphasis in original). Appellant incorrectly answered "no." ***Id.*** at 1. The answer was incorrect because Appellant had been convicted of a first-degree misdemeanor punishable by up to five years in prison; the conviction rendered Appellant ineligible to purchase a firearm. ***Id.*** at 1, 13-14; N.T., 3/22/22 at 37-40.

As required, Freedom Armoy submitted Appellant's application to the Pennsylvania State Police (PSP) for approval. N.T., 3/22/22, at 12. The PSP denied the application. ***Id.*** at 13-14.

The trial court explained:

By criminal complaint filed October 19, 2019, the PSP charged [Appellant] with [unsworn falsification]. [Appellant's] preliminary hearing was scheduled for December 18, 2019. However, [Appellant] failed to appear for her hearing and [the court issued a] warrant … for her arrest. On January 22, 2020, the Commonwealth filed its Information, which included both [the unsworn falsification charge and the charge] relating to sale of firearms. On February 3, 2020, [Appellant] was picked up on her bench warrant and arraigned without being represented by an attorney. On February 26, 2020, [Appellant's] trial counsel entered his appearance on her behalf.

- 2 -

On April 3, 2020, [Appellant] filed a counseled omnibus pre-trial motion[.]… At the hearing scheduled on [Appellant's] motion, the motion was withdrawn without prejudice[.] … There was then a pause in the case with no activity for just over one year. On July 9, 2021, the Commonwealth moved for a status conference, which was then scheduled for August 31, 2021.

[Appellant] failed to appear for her August 31, 2021, status conference, and accordingly, her bail was revoked, and another bench warrant was issued for her arrest. [Appellant] was picked up on the bench warrant on October 12, 2021, and appeared before the [trial c]ourt. She was released, now on supervised bail, and was directed to appear for plea court date on November 22, 2021. …

[Appellant] failed to appear, for the third time, at her scheduled November 22, 2021, court appearance. Another bench warrant was issued for her arrest and her bail was again revoked. The bench warrant was served and [Appellant] next appeared before the Court on January 4, 2022, via Zoom video conferencing from the York County Prison. … She was again released on unsecured bail and directed to meet with her attorney no later than January 7, 2022. Lastly, her next court date was set for February 1, 2022.

By order dated January 28, 2022, and upon request of [Appellant], the February 1, 2022, [court] date was cancelled, and the case was scheduled for a non-jury trial to commence on March 22, 2022 at 1:30 p.m. … [Appellant] requested and received permission to appear at trial via Zoom[.] The Zoom link was emailed to [Appellant] by her counsel before the scheduled Tuesday trial.

On [the day before trial, the case was reassigned to a different judge]. Notice was provided to the parties that the non-jury trial was to be conducted in Courtroom 7002 instead of 7006[.] The date and time of the trial were not changed.

The Commonwealth and its witnesses, along with [Appellant's] counsel, appeared as scheduled on March 22, 2002[,] in Courtroom 7002. The court promptly opened the Zoom meeting for the trial and one of the Commonwealth's witnesses appeared via that Zoom meeting. [Appellant] failed to appear for trial as scheduled, either by Zoom as expected, or in person. The

court waited approximately 25 minutes from the scheduled start time to see if [Appellant] would appear. ….

The non-jury trial commenced in [Appellant's] absence. At the conclusion of the trial, the [c]ourt found [Appellant] guilty on both counts. … [A]t 3:08 p.m., [Appellant] entered the courtroom. … [Appellant's] sentencing was scheduled for May 9, 2022.

On May 7, 2022, before [Appellant's] scheduled sentencing[,] she filed a motion for extraordinary relief. … The court entertained argument on this motion at the time scheduled for [Appellant's] sentencing. Notably, [Appellant] did not personally appear for her sentencing as she was directed to do, making it her fifth failure to appear for her scheduled court appearances. … [T]he matter was continued until June 6, 2022.

Trial Court Opinion, 9/13/22, at 2-5 (some capitalization and punctuation modified, footnote omitted).

On June 6, 2022, the trial court denied Appellant's motion for extraordinary relief and sentenced her to an aggregate 6 – 12 months in jail, followed by one year of probation. Appellant filed a post-sentence motion which the trial court denied. This timely appeal followed.[2]

Appellant asks:

Did the trial court err in proceeding to trial in the absence of [Appellant], finding that she was absent without cause, trial counsel's waiver was sufficient, and without requiring the Commonwealth to prove waiver of her constitutional rights?

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant's Brief at 4 (numbering, bold, and footnote omitted).[3]

A criminal defendant has the right to be present at all stages of criminal proceedings. *See Commonwealth v. Wilson*, 712 A.2d 735, 737 (Pa. 1998). However, Pennsylvania Rule of Criminal Procedure 602 provides:

> **Rule 602. Presence of the Defendant**
>
> (A) The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. **The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict and the imposition of sentence**.

Pa.R.Crim.P. 602(A) (emphasis added).

Generally, a defendant who is absent without cause at the start of trial may be tried *in absentia*. *Commonwealth v. Johnson*, 734 A.2d 864, 866-67 (Pa. Super. 1999). While the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution protect the right of an accused to be present in court at every stage of a criminal trial, the right may be waived in non-capital cases **expressly or implicitly** by a defendant's actions. *Commonwealth v. Hill*, 737 A.2d 255, 258 (Pa. Super. 1999). Therefore,

> [w]here the Commonwealth has demonstrated by a preponderance of the evidence that the defendant is absent

---

[3] Appellant raises two additional issues in her statement of questions. Appellant's Brief at 4. However, Appellant waived the issues because she does not address them in the body of her brief. *See Commonwealth v. Jones*, 815 A.2d 598, 604 n.3 (Pa. 2002) (claims raised in the statement of questions but not pursued in the body of the brief are waived).

"without cause" and [s]he knowingly and intelligently waived [her] right to be present, [s]he may be tried *in absentia*. However, when a defendant is unaware of the charges against [her], unaware of the establishment of [her] trial date or is absent involuntarily, [s]he is not absent "without cause" and therefore cannot be tried *in absentia*.

*Id.* at 259 (citations omitted).

The Pennsylvania Supreme Court has held that review of the sufficiency of the Commonwealth's evidence is not necessary if the record, taken as a whole, establishes the defendant had notice of trial, but "willfully decided to absent [her]self without cause or justification." **Commonwealth v. Sullens**, 619 A.2d 1349, 1352-53 (Pa. 1992).

The decision to proceed with trial rather than grant a continuance is within the trial court's discretion. **Johnson**, 734 A.2d at 867. We review the trial court's decision to proceed with a trial *in absentia* for an abuse of that discretion. **Wilson**, 712 A.2d at 738; **see also Commonwealth v. Bond**, 693 A.2d 220 (Pa. Super. 1997) (finding trial court did not abuse its discretion when appellant was absent, and the trial court held a suppression hearing, denied the suppression motion, picked a jury, conducted trial, and sentenced appellant). An abuse of discretion is not a mere error in judgment; it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness. **Commonwealth v. Busanet**, 817 A.2d 1060, 1076 (Pa. 2002).

Appellant argues the trial court erred in proceeding with trial in her absence "because she was not absent without cause[.]" Appellant's Brief at 8. Appellant claims she "did not receive a copy of the court notice changing

the location of her non-jury trial, contrary to the requirements of Pa.R.Crim.P. 114." ***Id.*** Appellant emphasizes that she was present in the courtroom where her trial was originally scheduled to occur. ***Id.*** Appellant's argument is not persuasive.

The trial court cogently explained that it

> need not determine whether [Appellant] was absent without cause, as [the trial court] determined that she properly waived her right to be present during the trial. [Pennsylvania Rule of Criminal Procedure] 602(A) generally requires a defendant be present "at every stage of the trial." A trial may commence without a defendant's presence, according to the rule, when the defendant is absent without cause at the start of the trial. ***Id.*** Here, the following exchange took place regarding [Appellant's] presence at the start of the trial:
>
>> The Court: [Trial counsel], any word on [Appellant]?
>>
>> [Trial Counsel]: No, Your Honor. I attempted to contact her over cell phone, directly by calling, as well as texting. And I called her landline. I sent a [Zoom] link upon receipt.
>
> N.T. 3/22/22 2:4-9.
>
> The Commonwealth then called the case and requested a bench warrant be issued based upon [Appellant's] failure to appear, at that time, for the fourth time. ***Id.*** at 2:18-3:1. [Trial] counsel, in response to the request for a bench warrant then stated, "I would ask the court to proceed in her absence." ***Id.*** at 3:6-7. [Trial counsel] continued, "She has the right to be here, but she can certainly waive that right by not appearing, especially when this was scheduled **at her request and to be via Zoom**." ***Id.*** at 3:7-10. To ensure there was no ambiguity to [trial] counsel's statement, the court confirmed, "So, just to be clear, you are specifically waiving [Appellant's] right to be here, participate in the proceeding, and asking to move forward without her here?" ***Id.*** at 3:15-18. [Trial] counsel then answered unequivocally, "Correct." ***Id.*** at 3:19.

- 7 -

[The trial court] believe[s] this waiver by counsel ends the inquiry into [Appellant's] absence from the trial. Not only did [Appellant] fail to preserve an issue for appeal, but she affirmatively waived the issue of her presence at trial. However, in the event this waiver is not effective, [the trial court] turn[s] to the issue of whether she was absent without cause.

Here, the order scheduling the bench trial of this matter was issued more than a month before trial and was properly served upon [Appellant]. Additionally, according to her attorney, he made multiple attempts to contact her in the days leading up to her trial. Further, [Appellant] requested to appear via Zoom, and was granted permission to do so. *See* N.T. 3/22/22 2:9; 3:9-10; 4:16-17; 5:5-8. Thus, her presence in the courtroom was not expected, but her presence via Zoom was expected. However, she failed to appear by Zoom prior to the start of the trial. Her failure to appear on Zoom, with notice to do so, prior to the start of the trial, was absence without cause.

In her post-sentence motion[, Appellant] claims she was not absent without cause, as she was waiting outside of another courtroom before the scheduled start of her trial, and during the majority of her trial. [Appellant] argued she waited outside the other courtroom because that was where her trial was originally scheduled to take place. [The trial court] do[es] not dispute her trial was originally scheduled to take place in Courtroom 7006 and not 7002[,] where it ultimately took place. However, it was by [Appellant's] own request that she was expected to appear by Zoom and not in person in any courtroom. Because she was expected to appear by Zoom and not in person, only a cursory effort was made to locate her within the courthouse, which proved fruitless. Further, [Appellant] apparently ignored every one of the various efforts her counsel made to contact her in the days preceding her trial. If she had not, she would have known of the change in courtrooms for her unexpected change to appear in person. [Appellant's] counsel undertook every effort reasonably expected of him to gain her appearance, either by Zoom or in person, and [Appellant] simply ignored his communications. [Appellant] had notice of the date, time, and manner in which her appearance was expected and failed to appear without cause, leading to a waiver of her right to be present. *See* [*Wilson*,] 712 A.2d [at 738].

Trial Court Opinion, 9/13/22, at 8-10 (capitalization and punctuation modified, emphasis added).

Our review discloses no abuse of the discretion by the trial court.[4]  The record demonstrates that prior to trial, Appellant had a pattern of failing to appear, which continued after trial.  N.T., 3/22/22, at 3; Trial Court Opinion, 9/13/22, at 5-6.  The record also confirms that trial counsel made repeated, unsuccessful efforts to contact Appellant in the months and days prior to trial.  N.T., 3/22/22, at 2-4 (detailing counsel's efforts to apprise Appellant of status updates, including notifying Appellant of her trial date and sending her the Zoom link).

The United States Supreme Court has stated:

It does not seem ... to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever [s]he pleased, to withdraw [her]self from the courts of [her] country[.]  …  The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person [her]self should be pleased to permit it....

The  question is one of broad public policy, whether an accused person, placed upon trial for crime, and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds [her], **can with impunity defy the processes of that law, paralyze the proceedings of courts and juries, and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the**

_____

[4] Appellant's reliance on Pennsylvania Rule of Criminal Procedure 114 is misplaced.  The rule provides that a "copy of any order or court notice promptly shall be served on each party's attorney, **or the party if unrepresented**."  Pa.R.Crim.P. 114(B)(1) (emphasis added).  As Appellant was represented by counsel, service on Appellant was not proper.

> **operation of the principle of personal liberty**. Neither in criminal nor in civil cases will the law allow a person to take advantage of h[er] own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield.

*Diaz v. U.S.*, 223 U.S. 422, 457-58 (1912) (emphasis added)

Similarly, this Court has opined,

> the due process rights of the accused do not allow [her] to dictate the pace of [her] own trial by repeatedly absenting [her]self when [her] trial date is scheduled. Such actions mock our system of justice, and cannot be tolerated if the public's interest is to be respected.

*Commonwealth v. King*, 695 A.2d 412, 412-13 (Pa. Super. 1997).

Instantly, Appellant engaged in a pattern of failing to appear for court and disregarded communications from her counsel. Under these circumstances, the trial court did not abuse its discretion by conducting Appellant's trial in her absence. *See Wilson*, 712 A.2d at 738 ("Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, then the defendant is expected to be present at all stages of the trial."). Nothing in the record supports Appellant's claim. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>09/26/2023</u>